**BOARD OF ARCHITECTURE ▪ ENGINEERING
LAND SURVEYING ▪ LANDSCAPE ARCHITECTURE
GEOSCIENCE ▪ INTERIOR DESIGN**

85 East 7th Place, Suite 160, St. Paul, MN 55101-2113
Phone: 651-296-2388 ▪ Fax: 651-297-5310 ▪ mn.gov/aelslagid

# LICENSE / CERTIFICATE RENEWAL 7/1/2020–6/30/2022
## INSTRUCTIONS

**ALL licenses and certificates expire on 6/30/2020 unless renewed.**

You are responsible for completing ALL sections of the application form (sections **1-4**). If any information is missing or the form is not signed, the application will be considered incomplete and will be returned. You are responsible for any late fees incurred after 6/30/2020 if your application is returned.

**Professional Development Hours (PDH) Requirements** (see also mn.gov/aelslagid/continuinged.html)**:**

- You need 24 PDH earned on or after July 1, 2018, including 2 hours of ethics.

- If you have carryover hours, that information will appear on a list on the Board website: mn.gov/aelslagid/continuinged.html. Consult this list. If your name is not on the list, you did not report on your prior renewal hours in excess of the minimum required that could be carried over to this renewal.

- The 2 hours of ethics PDH you are required to report must be earned on or after July 1, 2018. (Any ethics hours in excess of the required 2 are treated as 'general' PDH hours.)

- Exemption requests (excluding automatic initial license/certificate exemption) must be **preapproved**. DO NOT SUBMIT AN EXEMPTION REQUEST WITH THIS RENEWAL; first apply for exemption. If you are granted an exemption, you will be sent a **Board Approval Document** that you **must** then submit along with your completed renewal form.

- PDH earned during an exempt period cannot be carried over.

▶ **Sign and date the form and enclose your renewal fee of $120.**

- If paying after 6/30/2020, include the appropriate late fee (see application form).

- Make checks (US funds only) payable to: **MN Board of AELSLAGID**.

- Mail to the address above.

If you have questions regarding your application, please call the Board office at 651-296-2388.

**NOTICE OF COLLECTION OF PRIVATE DATA**

In accordance with the Minnesota Government Data Practices Act (MN Statute §13.04, Subd. 2), the Board is required to inform you of your rights as they pertain to private data collected from you on this application for licensure renewal. The data you furnish on the application will be used by the Board to assess your qualifications for renewal. You are not legally required to provide this data; however, if you fail to do so, the Board may be unable to approve your application or issue your license. Additionally, pursuant to Minnesota Statutes §270C.72, subdivision 4 (2018) the Board must provide the Commissioner of the Minnesota Department of Revenue a list of all applicants, including name, address and social security number or Individual Tax Identification Number (ITIN), each calendar year for the purpose of identifying individuals owing delinquent taxes. Pursuant to Minnesota Statutes §13.41, subdivision 2 (2018), all application data, except social security number, become public record when licensure is granted. The Board will not share your private data with other persons or agencies unless you authorize its release or it is required by law.

Complaint Exhibit 1



**BOARD OF ARCHITECTURE ▪ ENGINEERING
LAND SURVEYING ▪ LANDSCAPE ARCHITECTURE
GEOSCIENCE ▪ INTERIOR DESIGN**

85 East 7th Place, Suite 160, St. Paul, MN 55101-2113
Phone: 651-296-2388 • Fax: 651-297-5310 • mn.gov/aelslagid

### 7/1/2020–6/30/2022
# LICENSE/CERTIFICATE RENEWAL APPLICATION

## 1. Personal Information   The address below is my (check one): ☐ Home    ☐ Business

**Military Only ▶** If you are active duty or within 6 months of discharge from active duty, check box: ☐

Legal Name _____    License/ Certif # _____
(First)                (Middle)    (Last)                (Suffix)

Business Name _____    Profession _____
(If checked above)

Street Address _____    Phone # _____
(No PO boxes)

City _____    State/ Province _____    Post/ Zip Code _____    Country _____

## 2. Renewal Fee   (Check ONE box based on when your **completed** application will be **postmarked**.)

▶ $120 on or before 6/30/2020    ▶ $150 7/1/2020 to 9/30/2020    ☐ **$180** on or after 10/1/2020

## 3. PDH/Continuing Education   (Choose the applicable option.)

☐ I am **exempt** from reporting continuing education for this renewal (select reason):

☐ My initial MN license/certificate was issued on or after July 1, 2018 (automatic exemption).

☐ I requested and was granted an exemption by the Board. I have enclosed the **Approval Document.**

☐ I am **not exempt**. Here are my continuing education hours:

| # of HRS | PROFESSIONAL DEVELOPMENT HOURS REPORT |
|---|---|
|  | PDH earned  between 7/1/2018–6/30/2020. |
| REQUIRED! ▶ ☐ | By checking the box, I affirm 2 of the hours **above** are ethics PDH. |
|  | Carryover from previous renewal (if applicable) |
|  | **Total PDH submitted** |

## 4. Certification Statements to Be Affirmed by the Applicant

**Read** the statements, **select the appropriate true/false response**, then **sign** and **date** below.
If you answer "False" to any statement, **you must enclose a statement of explanation** for each checked statement. Your application is not considered complete until you provide the required explanation(s). MN Rule 1800.0400 Subp. 5

1. I have read and will comply with the provisions of Minnesota Statutes §§ 326.02 – 326.15 (2018) and the Rules and Regulations adopted thereunder;   ☐ True ☐ False

2. I am not under any disciplinary proceeding or action, pending or otherwise, in any other jurisdiction;   ☐ True ☐ False

3. I have never been convicted of a felony;   ☐ True ☐ False

4. I have not represented myself as an architect, professional engineer, land surveyor, landscape architect, professional geologist, professional soil scientist, or certified interior designer, without proper licensure or certification, either verbally or on any printed matter, in the State of Minnesota, nor will I do so until such time as my license or certificate has been issued by the Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design; and   ☐ True ☐ False

5. I have not performed or offered to perform architectural, professional engineering, land surveying, landscape architectural, professional geological, professional soil scientific, or certified interior designer services, without proper licensure or certification in the State of Minnesota, nor will I do so until such time as my license or certificate has been issued by the Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design.   ☐ True ☐ False

I declare that everything I have stated in this document is true and correct. If signing electronically, I agree that my electronic signature shall constitute the execution of this document in exactly the same manner as if I had signed by hand.

▶ _____    _____
Signature                                    Date

Complaint Exhibit 1

Rev 01/21



# MINNESOTA BOARD OF
### ARCHITECTURE ▪ ENGINEERING ▪ LAND SURVEYING
### LANDSCAPE ARCHITECTURE ▪ GEOSCIENCE ▪ INTERIOR DESIGN

July 24, 2020

Charles L Marohn
616 N 4th St
Brainerd, MN 56401

**RE:**   **Charles L Marohn, PE # 40142**
     **Board File # 2020-0043**

Dear Mr. Marohn:

Please be informed that the Board's Complaint Committee is investigating circumstances regarding your conduct as a Professional Engineer (PE) licensed by the Board.

It has come to the attention of the Board that you may have acted in violation of Minnesota Statutes § 326.02, subdivisions 1 and 3 (2018), § 326.03, subdivision 1 (2018), and Minnesota Statutes § 326.111, subdivision 4(a) (1) (2018).

Specifically, it is alleged that you were holding yourself out as a licensed PE when your Minnesota PE license expired on June 30, 2018.  Additionally, you may have practiced professional engineering without a license after the expiration date until your renewal date of June 17, 2020.  A copy of the complaint has been enclosed.

The purpose of this investigation is to determine whether or not the facts alleged are true and, if so, whether enforcement action should be initiated pursuant to Minnesota law. This investigation is authorized by Minnesota Statute § 214.10 (2018) and Minnesota Statute § 326.111 (2018).

Minnesota Statutes § 326.02, subdivisions 1 and 3 (2018) state:

**326.02 LICENSURE OR CERTIFICATION.**
**Subdivision 1. Licensure or certification mandatory.**
In order to safeguard life, health, and property, and to promote the public welfare, any person in either public or private capacity practicing, or offering to practice, architecture, professional engineering, land surveying, landscape architecture, or professional geoscience, or using the title certified interior designer in this state, either as an individual, a copartner, or as agent of another, shall be licensed or certified as hereinafter provided. It shall be unlawful for any person to practice, or to offer to

Complaint Exhibit 2

Charles Marohn
July 24, 2020
Page 2

practice, in this state, architecture, professional engineering, land surveying, landscape
architecture, or professional geoscience, or to use the title certified interior designer, or
to solicit or to contract to furnish work within the terms of sections 326.02 to 326.15, or
to use in connection with the person's name, or to otherwise assume, use or advertise
any title or description tending to convey the impression that the person is an architect,
professional engineer (hereinafter called engineer), land surveyor, landscape architect,
professional geoscientist (hereinafter called geoscientist), or certified interior designer,
unless such person is qualified by licensure or certification under sections 326.02 to
326.15. This subdivision does not preclude an individual who retired from one of the
professions listed in this subdivision from using the designation architect, professional
engineer, land surveyor, landscape architect, professional geoscientist, or certified
interior designer as long as the designation is preceded by the word "retired" and the
individual was licensed or certified in the designated profession in the state of
Minnesota on the date the individual retired from the designated profession and the
individual's license or certification was not subsequently revoked by the Board of
Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience, and
Interior Design.

**Subd. 3. Practice of professional engineering.** (a) Any person shall be deemed to be
practicing professional engineering within the meaning of sections 326.02 to 326.15
who holds out as being able to perform or who does perform any technical professional
service, such as planning, design or observation of construction for the purpose of
assuring compliance with specifications and design, in connection with any public or
private structures, buildings, utilities, machines, equipment, processes, works, or
projects wherein the public welfare or the safeguarding of life, health, or property
is concerned or involved, when such professional service requires the application of the
principles of mathematics and the physical and applied engineering sciences, acquired
by education or training, and by experience.

(b) No person other than one licensed under sections 326.02 to 326.15 as a professional
engineer may:

(1) use the term "professional engineer";

(2) use any other abbreviation or term, including the initials "P.E." or "PE" by signature,
verbal claim, sign, advertisement, letterhead, card, or similar means that would lead the
public to believe that the person was a professional engineer; or

(3) use any means or in any other way make a representation that would lead the public
to believe that the person was a professional engineer.

(c) A professional engineering license satisfies any requirements by the state or its
political subdivisions to perform any actions authorized under the professional

Complaint Exhibit 2

Charles Marohn
July 24, 2020
Page 3

engineering license. A person licensed as a professional engineer under sections 326.02 to 326.15 shall only be required to obtain a license, certification, or other form of approval for a skill or service in addition to a professional engineering license if the state or political subdivision has made an affirmative written determination in statute, rule, or ordinance that such additional license or certification is necessary to safeguard life, health, or property, or promote the public welfare. This section does not preclude the state or a political subdivision from including additional requirements when soliciting public contracts for engineering services. This paragraph does not apply to practice areas where licenses or certifications are required prior to August 1, 2015.

Minnesota Statutes § 326.03, subdivision1 (2018) states:

**326.03 LICENSE OR CERTIFICATE REQUIRED.**
**Subdivision 1. Plans; documents.**
No person, except an architect, engineer, land surveyor, landscape architect, geoscientist, or certified interior designer, licensed or certified as provided for in sections 326.02 to 326.15 shall practice architecture, professional engineering, land surveying, landscape architecture, or professional geoscience, or use the title certified interior designer, respectively, in the preparation of plans, specifications, reports, plats or other architectural, engineering, land surveying, landscape architectural, geoscientific, or interior design documents, or in the observation of architectural, engineering, land surveying, landscape architectural, geoscientific, or interior design projects. In preparation of such documents, reasonable care shall be given to compliance with applicable laws, ordinances, and building codes relating to design.

Minnesota Statutes § 326.111, subdivision 4(a) (1) (2018) states:

**326.111 UNAUTHORIZED PRACTICE; DISCIPLINARY ACTION.**
**Subdivision 4. Actions against applicants and licensees.**
(a) The board may, by order, deny, refuse to renew, suspend, temporarily suspend, or revoke the application, license, or certification of a person; censure or reprimand that person; condition or limit the person's practice; refuse to permit a person to sit for examination; or refuse to release the person's examination grades if the board finds that the order is in the public interest and the applicant, licensee, or certificate holder:
(1) has violated a statute, rule, or order that the board has issued or is empowered to enforce.

At the present time, the Board formally requests that you provide a written response to the allegations, which should include a narrative explanation of the matter. Please provide a detailed written response to the allegations no later than **August 5, 2020.** Include the file number 2020-0043 on all correspondence. In your response, the Board specifically requests the following information:

Complaint Exhibit 2

Charles Marohn
July 24, 2020
Page 4

1.  Copies of the position description(s) you held in Minnesota from July 1, 2018 to June 17, 2020.
2.  A listing of all <u>Minnesota projects</u> and the number of hours spent on each project that you worked on from July 1, 2018 to June 17, 2020.
3.  Copies of any and all plans, drawings, reports, etc. that you signed and/or certified as a Minnesota P.E. during the lapse from July 1, 2018 to June 17, 2020.
4.  Please state what corrective steps you took to rectify the matter once you were aware that your Minnesota P.E. license was expired.

Information provided to the Board or to the Office of the Attorney General as part of an active investigation is confidential pursuant to the Minnesota Government Data Practices Act, Minnesota Statutes § 13.41 (2018). Such information is for the use of the Board and the Attorney General in evaluating the complaint. In accordance with statutes, rules, and professional standards governing legal action, information provided to the Board and the Attorney General may, in some circumstances, be disclosed to certain persons or entities, including but not limited to the Office of Administrative Hearings and appellate courts. Thus, this information may thereby become public data. **Please read the enclosed Tennessen Warning.**

If you have any questions or need additional time to respond, you may contact me at 651-757-1517.

Sincerely,

Doreen Johnson
Executive Director

Enclosures:     Tennessen Warning
                Copy of the Complaint
                Filing a Complaint Brochure

Minnesota Board of Architecture, Engineering, Land Surveying,
Landscape Architecture, Geoscience, and Interior Design

## TENNESSEN WARNING

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape
Architecture, Geoscience, and Interior Design (the "Board") is seeking information from
you that may be considered private or confidential under the Minnesota Government
Data Practices Act. Minnesota Statutes section 13.04 (2) requires the Board to notify
you of the following matters before you are asked to supply any private or confidential
information about yourself.

1.  This information is being collected as part of an investigation into your conduct,
    and the information you supply to the Board may be used to determine whether
    you have violated any statutes or rules enforced or administered by the Board.

2.  If you hold a valid license or certificate issued by the Board, or are an applicant
    for a license or certificate, you are required to respond to Board
    communications, appear before the Board and to cooperate with the
    investigations of the Board according to Minnesota Rules 1800.0100 and
    1800.0110. However, if you choose to not voluntarily cooperate, the Board may
    subpoena you to obtain the information it is seeking. You are advised that you
    are not required to incriminate yourself in any possible criminal investigation
    and you may exercise your constitutional right to refuse to supply any
    information on grounds that you might incriminate yourself.

3.  If you supply the information requested and it shows a violation of any of the
    statutes or rules enforced by the Board, then you may be subject to legal action
    by the Board.

4.  If you choose to not supply the Board with any requested information, whether
    or not that choice is based on your constitutional right to refuse to supply the
    Board with the requested information, then the Board has the right to base its
    decision whether to pursue action against you based on the other information
    which is available to the Board.

5.  You are advised that the information that you supply will be accessible to staff of
    the Board and the Office of the Attorney General. It may be released to other
    persons and/or governmental entities who have statutory authority to review
    the information, investigate specific conduct and/or take appropriate legal
    action, including but not limited to law enforcement agencies, courts and other
    regulatory agencies. If the Board institutes a formal disciplinary action against
    you, then your name and the information you supply could become public.

Complaint Exhibit 2



**BOARD OF ARCHITECTURE ▪ ENGINEERING**
**LAND SURVEYING ▪ LANDSCAPE ARCHITECTURE**
**GEOSCIENCE ▪ INTERIOR DESIGN**

85 East 7th Place, Suite 160, St. Paul, MN 55101-2113
Phone: 651-296-2388 ▪ Fax: 651-297-5310 ▪ mn.gov/aelslagid

MINNESOTA



## COMPLAINT REGISTRATION FORM

## GENERAL INFORMATION

You ("the Complainant") may use this form to file a complaint against an architect, professional engineer, land surveyor, landscape architect, professional geoscientist or certified interior designer ("the Respondent"). You may also use this form to file a complaint against an individual engaged in the unauthorized practice of a profession regulated by the Board.

Your complaint may be disclosed to members, employees and consultants of the Board and to employees of the Minnesota Attorney General's Office. Under certain circumstances your complaint, or a summary of your complaint, may be disclosed to the person you are complaining against or to other persons who might have information about the matter. It also may be necessary to disclose your complaint and related investigative data to an administrative law judge.

You are not legally required to complete or return this form. However, if you do not provide the information requested in this form, the Board may not be able to evaluate your complaint.

**Provide your name and contact information.**
(Only **one** person per complaint form. Any additional complainants should complete their own separate form.)

Name   David _____ D _____ Dixon _____ _____
        (First)              (Middle)        (Last)                   (Suffix)

Address   514 Americas Way #1885 _____

City   Box Elder _____   Home Phone _____

State   SD _____   Zip   57719 _____   Work Phone   307-735-3478

**Provide the name and contact information of the individual your complaint is against.**
(Only **one** individual per complaint form. If against more than one respondent, complete a separate form.)

Name   Charles _____ _____ Marohn _____ Jr.
        (First)              (Middle)       (Last)                  (Suffix)

Address   1511 Northern Pacific Rd Room 206 _____

City   Brainerd _____

State   MN _____   Zip   56401 _____   Work Phone   218-325-3311

**Complaint Exhibit 2**   Rev 06/18

**Statement of Complaint.** (Use additional sheets, if needed.)

See attached statement.

This statement is true and correct to the best of my knowledge.

▶ _____
Signature

2/17/2020
_____
Date

Complaint Registration Form—Page 2 of 3



**BOARD OF ARCHITECTURE ▪ ENGINEERING
LAND SURVEYING ▪ LANDSCAPE ARCHITECTURE
GEOSCIENCE ▪ INTERIOR DESIGN**
85 East 7th Place, Suite 160, St. Paul, MN 55101-2113
Phone: 651-296-2388 ▪ Fax: 651-297-5310 ▪ mn.gov/aelslagid

**MINNESOTA**

# AUTHORIZATION TO RELEASE COMPLAINT

## Select and sign ONE of the two options below:

**I hereby authorize** the Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design to provide a copy of my State-ment of Complaint (including my name), a summary of its contents, and any documen-tation I provide in support of my Statement of Complaint, at the Board's discretion, to Charles Marohn, Jr. _____ ("Respondent"), who is the subject of my complaint. I also hereby authorize the Board to release this information to a third party in the course of the Board's investigation of my complaint. I understand that I am not legally required to sign this form. The purpose of this authorization is to facilitate the investigation of my complaint. I am willing to appear as a witness at a hearing if the Board determines there is cause to warrant disci-plinary action against the Respondent. This authorization expires one year after this date.

_____         2/17/2020
Signature authorizing release                               Date

David D. Dixon
_____
Printed Name

# OR

**I hereby decline to authorize** the release of my Statement of Complaint, a summary of its contents, my name, and any documentation I provide in support of my Statement of Complaint to the Respondent. I understand that if I do not want my Statement of Complaint, a summary of its con-tents, my name, and any documentation I provide in support of my Statement of Complaint released to the person against whom my complaint is filed, or if I do not want to be called as a witness at a disciplinary hearing against Respondent, **then the Board may dismiss the complaint.**

_____         _____
Signature declining release                               Date

_____
Printed Name

Complaint Exhibit 2

On February 14, 2020, I read an article written by Mr. Charles Marohn on the website strongtowns.org, where he advertises that he is both founder and CEO. In the article, "Four Ways Traffic Engineers Thwart Public Will," Mr. Marohn mentioned that he's had his "license challenged for speaking out." At that time, I was curious how the case was investigated and/or resolved. The author bio on at the end of the article mentioned that Mr. Marohn "is a Professional Engineer (PE) licensed in the State of Minnesota", so I searched for the Minnesota board that regulates engineering licenses. Strong Towns is a 501(c)(3) based in Brainerd, Minnesota.

A quick search of Mr. Marohn's name on the AELSLAGID site returned a result showing his license number, 40142, with "EXPIRED" in the last column. At about the same time, I located a post on Strong Towns that included a copy of a letter from AELSLAGID Executive Director Doreen Frost, dated January 26, 2015. It contained the same PE registration number, and referenced Board File No. 2015-0024.

At the time, I was unfamiliar with the specifics of Minnesota's law regarding engineering practice, but presumed that holding oneself out as a Professional Engineer and/or using the initials PE, when not registered, violates state law as it would in most (if not all) other states. I quickly learned that PE licenses in Minnesota expire June 30 in even-numbered years, which would suggest that Mr. Marohn's license had not been expired for just a small time, but instead at least 19 months.

Based on that, I sought to determine whether this reference on StrongTowns was an isolated reference, perhaps an oversight, or part of a deliberate effort to mislead the public about Mr. Marohn's credentials. Correspondence with AELSLAGID confirmed that Mr. Marohn's license was last renewed April 25, 2016, and expired June 30, 2018, so I conducted a couple of quick searches to determine where, how often, and how recently Mr. Marohn has been advertised or introduced as having a current license to practice engineering in Minnesota.

That search quickly turned up a number of results, with language similar to that posted on StrongTowns. It includes the following (though there are likely others):

- A Feburary 11, 2020 article on StrongTowns, including an author bio at the bottom, listing Mr. Marohn as a "Professional Engineer (PE) licensed in the State of Minnesota". https://www.strongtowns.org/journal/2020/2/11/the-hyperloop-is-always-greener-from-the-other-side-of-the-stroad
- The StrongTowns staff page contains language similar to the text used in Mr. Marohn's author bios on the site.
- A page introducing Mr. Marohn as the keynote speaker at the Cumberland Region Tomorrow's 2019 Power of Ten event, held on October 3. It leads with the following: "Charles Marohn - known as 'Chuck' to friends and colleagues - is a Professional Engineer (PE) licensed in the State of Minnesota and a member of the American Institute of Certified Planners (AICP)." https://www.cumberlandregiontomorrow.org/p10speakers

Unfortunately, the About the Author chapter of the book was much more explicit in its claims. The second sentence reads as follows: "He is a professional engineer licensed in the State of Minnesota and a land use planner with two decades of experience."

The frequency of recent, deliberate uses of the term Professional Engineer, including in his presence in the Annapolis introduction which was not corrected when he began speaking, make clear that he is well aware of the use of the term in introducing him, and strongly suggestive (especially in the context of StrongTowns, which he controls) that he continues to use the term himself.

NSPE's Board of Ethical Review has previously addressed references to expired licenses, particularly in Case 05-8. It held that merely assenting to the references to an engineer's expired PE license was unethical. Each instance holding himself out as a PE or using the term Professional Engineer would be a clear violation of 326.02 Subdivisons 1 and 3.

Mr. Marohn talks about being a policy expert, the type that reads law and ordinance. It is not reasonable to assume that Mr. Marohn was not aware that use of the term Professional Engineer, PE, or other similar representations while not licensed, is a violation of law. It is also clear that both Mr. Marohn and Strong Towns, through speaking tours and fundraising activities, benefit from using the claimed licensure. I urge the board to investigate as it sees fit, and to send a clear message that frauds of this sort are not tolerated.

Complaint Exhibit 2



STRONG TOWNS

LATEST    ABOUT    EVENTS    PODCASTS
COMMUNITY    BOOK    JOIN THE MOVEMENT

# THE HYPERLOOP IS ALWAYS GREENER FROM THE OTHER SIDE OF THE STROAD

FEBRUARY 11, 2020
BY CHARLES MAROHN

I like Cleveland. Much like the other overlooked cities along the Great Lakes, it has amazing potential. Cleveland has inflicted a lot of self-harm over the past 70 years chasing after growth—just look at all those parking lots—in a model that only made it poorer and more fragile. This is not a revelation. The smart people there largely get this now.

If there is a prototype city for the Strong Towns approach, it is Cleveland. For the next three or more decades, the city needs to focus on making better use of existing investments. To rebuild their wealth, they need to shift from expansion of infrastructure systems to aggressively maintaining what they have.

Growth investments should be of the venture capital variety, using small, neighborhood-focused tactical projects inspired by the urgent struggles of their residents. Thickening up their neighborhoods by improving

3/3/20, 10:22 AM

Complaint Exhibit 2

The hyperloop is always greener from the other side o...          https://www.strongtowns.org/journal/2020/2/11/the-...

way to shift demand, why wait for hyperloop? Oh yeah, because they are never going to do that.

Finally, the Greater Cleveland Regional Transit Authority has an annual budget of $300 million. Over the next five years, they are hoping for an additional $600 million for capital investments, things like maintaining facilities and equipment. RTA provides over 50 million rides per year, which is 10x what the hyperloop is optimistically projected to provide. They do this with an annual budget that is 1% of the hyperloop construction.

Don't be distracted, Cleveland. Do the real work—serve your people—and true prosperity will follow.

*Top image from Cleveland.com, reposted from public document.*

---

You May Also Like



### The Fight For #NoNewRoads Is Alive and Well in Washington State

Veteran advocates for a sane and financially sustainable transportation policy in Washington State see a chance to turn crisis into opportunity. And they're hoping to get state leaders to see it too.

Feb 3, 2020 · Strong Towns



### How Much Does a Mile of Road Actually Cost?

The Federal Highway Administration has a chart full of answers to that question you might find useful.

Jan 27, 2020 · Strong Towns



### The State of U.S. Transit in 5 Observations

Where did we spend our money building transit in the U.S. in the last 10 years? And what did we get for it?

Jan 16, 2020 · Daniel Herriges

---



### Charles Marohn

Charles Marohn – known as "Chuck" to friends and colleagues – is the **Founder and President** of Strong Towns and the author of *Strong Towns: A Bottom-Up Revolution to Rebuild American Prosperity.* He is a Professional Engineer (PE) licensed in the State of Minnesota and a land use planner with two decades of experience. He holds a bachelor's degree in Civil Engineering and a Master of Urban and Regional Planning, both from the University of Minnesota.

Marohn is also the lead author of *Thoughts on Building Strong Towns — Volume 1, Volume 2* and *Volume 3* — as well as the author of *A World Class Transportation System.* He hosts the Strong Towns Podcast and is a primary writer for Strong Towns' web content. He has presented Strong Towns concepts in hundreds of cities and towns across North America. He is featured in the documentary film *Owned: A Tale of Two Americans,* and was named one of the 10 Most Influential Urbanists of all

3/3/20, 10:22 AM

Complaint Exhibit 2



# STRONG TOWNS

LATEST   ABOUT   EVENTS   PODCASTS   COMMUNITY   BOOK



## STAFF



### Charles Marohn

Charles Marohn - known as "Chuck" to friends and colleagues – is the **Founder and President** of Strong Towns and the author of *Strong Towns: A Bottom-Up Revolution to Rebuild American Prosperity*. He is a Professional Engineer (PE) licensed in the State of Minnesota and a land use planner with two decades of experience. He holds a bachelor's degree in Civil Engineering and a Master of Urban and Regional Planning, both from the University of Minnesota.

Marohn is also the lead author of *Thoughts on Building Strong Towns* — *Volume 1*, *Volume 2* and *Volume 3* — as well as the author of *A World Class Transportation System*. He hosts the Strong Towns Podcast and is a primary writer for Strong Towns' web content. He has presented Strong Towns concepts in hundreds of cities and towns across North America. He is featured in the documentary film *Owned: A Tale of Two Americans*, and was named one of the 10 Most Influential Urbanists of all time by Planetizen.

Read More →

Complaint Exhibit 2



ABOUT US     OUR WORK     POWER OF TEN     BLOG

AGENDA              CEU     SPONSORSHIP

KEYNOTE
# CHARLES MAROHN
President & Co-Founder, **Strong Towns**



Charles Marohn - known as "Chuck" to friends and colleagues - is a Professional Engineer (PE) licensed in the State of Minnesota and a member of the American Institute of Certified Planners (AICP). He is the Founder and President of Strong Towns. Marohn has a bachelor's degree in Civil Engineering from the University of Minnesota's Institute of Technology and a Master of Urban and Regional Planning degree from the University of Minnesota's Humphrey Institute.

Marohn is the lead author of *Thoughts on Building Strong Towns — Volume 1, Volume 2* and *Volume 3* — as well as the author of *A World Class Transportation System*. He hosts the Strong Towns Podcast and is a primary writer for Strong Towns' web content. He has presented Strong Towns concepts in hundreds of cities and towns across North America and in 2017 was named one of the 10 Most Influential Urbanists of all time by Planetizen.

Marohn is a long time commentator on KAXE Northern Community Radio. He currently co-hosts KAXE's Dig Deep program, a monthly examination of public policy issues affecting Minnesotans.

Chuck grew up on a small farm in Central Minnesota. The oldest of three sons of two elementary school teachers, he joined the Minnesota National Guard on his 17th birthday during his junior year of high school and served for nine years. In addition to being passionate about building a stronger America, he loves playing music, is an obsessive reader and religiously follows his favorite team, the Minnesota Twins. Chuck and his wife live with their two daughters in their hometown of Brainerd, Minnesota.

# PANEL AND BREAKOUT SESSION SPEAKERS

- Burkley Allen, Council Member, Metro Nashville
- Sigrid Biermann, Human Resources Business Partner, UBS
- Melissa Bryant, Regional Field Director, Tennessee Farm Bureau
- Suzanne Carlson, Director, Division of Multi-modal Transportation Resources, TDOT
- Miranda Clements, Program Manager, Nashville Connector
- Kat Coffen, Director, SBA Strategies
- Alfred Degrafinreid, Associate Vice Chancellor for Community Relations, Vanderbilt University
- Doug Demosi, Planning Director, Rutherford County
- Jimmy Granbery, Chairman & CEO, H.G. Hill Realty Company
- Erin Hafkenschiel, Executive Director of Mobility, Vanderbilt University
- Anthony Holt, County Mayor, Sumner County
- John Houghton, Senior Transportation Planner, Gresham Smith
- Emily Hunter, Director, Planning and Sustainability, Franklin
- Michael Kenner, MiKeN Development LLC
- Lucy Kempf, Executive Director, Metro Planning
- Nora Kern, Executive Director, Walk Bike Nashville
- Mike Matteson, Director, Planning & Zoning, Williamson County
- Leslie Meehan, Director of Primary Prevention, Tennessee Department of Health
- Dirk Melton, Development Director, MarketStreet Enterprises
- Jim Moore, G.S. Moore & Son
- Freddie O'Connell, Council Member, Metro Nashville
- Mary Esther Reed, Mayor, Smyrna
- Stewart Schwartz, Executive Director, Coalition for Smarter Growth
- Jeff Tyndall, Director, Clarksville/Montgomery County Regional Planning Commission
- Greg Wathen, Special Assistant to the Director, Wildlife Resources Agency

Complaint Exhibit 2



# The 2019 Power of Ten was held on October 3.

Thanks to all our sponsors, speakers, and attendees.

Complaint Exhibit 2



**CHAPTERS**     **ADVOCACY**     **LEARNING CENTER**     **COMMUNITY MANAGERS**     **HOMEOWNER LEADERS**     **BUSINESS PARTNERS**

‹ Events
‹ 2020 Law Seminar
‹ SPONSORS
‹ 2020 Law Seminar Photos
‹ CHARITY at Law Seminar - Bring a Book
‹ Who Should Attend and Registration
‹ Location & Reservations
‹ Schedule At-A-Glance
‹ Presentations
‹ MCLEs & Continuing Education Units
‹ Sponsorship Opportunities, Schedule & Details
‹ 2019 Law Seminar

PRESENTATIONS

# Wayne Hyatt Lecture Series Keynote Speaker:

### Charles "Chuck" Marohn

Thursday, January 16, 2020
12:30 p.m. – 1:30 p.m.
*Sponsored by Burg Simpson Eldredge Hersh Jardine, P.C.*



Charles Marohn, known as "Chuck" to friends and colleagues, is the Founder and President of Strong Towns and the author of the forthcoming Strong Towns: A Bottom-Up Revolution to Rebuild American Prosperity. He is a Professional Engineer (PE) licensed in Minnesota and a land use planner with two decades of experience. He holds a bachelor's degree in Civil Engineering and a Master of Urban and Regional Planning, both from the University of Minnesota.

Marohn is also the lead author of Thoughts on Building Strong Towns — Volume 1, Volume 2  and Volume 3 — as well as the author of A Word Class Transportation System. He hosts the Strong Towns Podcast and is a primary writer for Strong Towns' web content. He has presented Strong Towns concepts in hundreds of cities and towns across North America. He was named one of the 10 Most Influential Urbanists of all time by Planetizen.

Marohn is a long time commentator on KAXE Northern Community Radio. He currently co-hosts KAXE's Dig Deep program, a monthly examination of public policy issues affecting Minnesotans.

Chuck grew up on a small farm in Central Minnesota. The oldest of three sons of two elementary school teachers, he joined the Minnesota National Guard on his 17th birthday during his junior year of high school and served for nine years.  In addition to being passionate about building a stronger America, he loves playing music, is an obsessive reader and religiously follows his favorite team, the Minnesota Twins.

Chuck and his wife live with their two daughters in their hometown of Brainerd, Minnesota.

## OPTIONAL HALF-DAY PROGRAMMING

**Wednesday, January 15, 2020**
1 – 5 p.m. | Optional Half-Day Track – Managing Partner Track: Internal Challenges of a Community Association Law Practice
Meet your challenges head-on and learn how you can better lead your association practice in this interactive two-part presentation by managing partners and other community association law firm executives leaders from around the country. Part I features managing and executive level partners discussing common challenges and best practices, including: starting a new firm; what happens when a partner leaves the firm; practicing community association law within a multi-practice large firm; challenges of medium and small firm association practices; marketing; retirement planning; and human resource and business management issues. Part II provides attendees the opportunity to network and share ideas and individual experiences.
*Matt D. Ober, Esq.*, Richardson|Ober|DeNichilo, LLP, Pasadena, CA
J. David Ramsey, Esq.*, Becker, Morristown, NJ
Ellen A. Shapiro, Esq.*, Goodman, Shapiro & Lombardi, LLC, Dedham, MA
Robin L. Strohm, Esq., Williams & Strohm, LLC, Columbus, OH
P. Thomas Murray, Esq.*, Eads, Murray & Pugh, P.C., Indianapolis, IN

Complaint Exhibit 2

**Linked**in

| People ▼ | Charles | Marohn, PE |
|---|---|---|

### Charles Marohn, PE

Planner. Engineer. Author of Strong Towns: A Bottom-Up
Revolution to Rebuild American Prosperity

Brainerd, Minnesota · 500+ connections

**Join to Connect**

- Strong Towns
- University of Minnesota
- Websites

## About

Charles Marohn - known as "Chuck" to friends and colleagues - is the Founder and President of Strong
Towns and the author of the forthcoming Strong Towns: A Bottom-Up Revolution to Rebuild American
Prosperity. He is a Professional Engineer (PE) licensed in the State of Minnesota and a land use planner
with two decades of experience. He holds a bachelor's degree in Civil Engineering and a Master of
Urban and Regional Planning, both from the University of Minnesota.

Marohn is also the lead author of Thoughts on Building Strong Towns — Volume 1, Volume 2 and
Volume 3 — as well as the author of A World Class Transportation System. He hosts the Strong Towns
Podcast and is a primary writer for Strong Towns' web content. He has presented Strong Towns
concepts in hundreds of cities and towns across North America. He is featured in the documentary film
Owned: A Tale of Two Americans, and was named one of the 10 Most Influential Urbanists of all time
by Planetizen.

Marohn is a long time commentator on KAXE Northern Community Radio. He currently co-hosts
KAXE's Dig Deep program, a monthly examination of public policy issues affecting Minnesotans.

Chuck grew up on a small farm in Central Minnesota. The oldest of three sons of two elementary
school teachers, he joined the Minnesota National Guard on his 17th birthday during his junior year of
high school and served for nine years. In addition to being passionate about building a stronger
America, he loves playing music, is an obsessive reader and religiously follows his favorite team, the
Minnesota Twins.

Chuck and his wife live with their two daughters in their hometown of Brainerd, Minnesota.

## Activity



**A refreshingly thoughtful short read about street over-design. "For a
traffic engineer, to be conservative in your design is to spend extra
money...**

Liked by Charles Marohn, PE



**This Charles Marohn, PE article never gets old...If you haven't read it,
please do! https://lnkd.in/eKiWqYj**

Liked by Charles Marohn, PE



**A massive thank you is in order to Community Associations Institute's
2020 Law Seminar attendees for donating 286 books and backpacks to
elementary...**

Complaint Exhibit 2



Charles L Marohn Strong Towns talk Annapolis Oct 10 2019

98 views • Oct 25, 2019

High Water Media
13 subscribers

Category        Travel & Events

Complaint Exhibit 2



The Strong America Tour: Iowa City

82 views · Nov 1, 2019                              👍 LIKE    👎 DISLIKE    ↪ SHARE    ⊟ SAVE    ···

 City Channel 4 - Iowa City                                          SUBSCRIBE
                     795 subscribers

Watch Charles "Chuck" Marohn, Jr., founder of Strong Towns, during his stop in Iowa City as part of
his coast-to-coast Strong America Tour.  Marohn's tour kicks off the release of his new book, Strong
Towns: A Bottom-Up Revolution to Rebuild American Prosperity. He is traveling to dozens of

SHOW MORE

Complaint Exhibit 2



PS21: Pennywise Portsmouth - Balancing Cost & Community - Chuck Marohn of Strong Towns

22 views • May 28, 2019

👍 2   👎 0   ↗ SHARE   ⬇ SAVE   •••

Portsmouth Smart Growth
7 subscribers

SUBSCRIBE

What does it mean to be a Strong Town? Chuck Marohn, the Founder and President of Strong
Towns, provided some insights on Wednesday, April 3 at 6:30 PM at the Portsmouth Public Library.

SHOW MORE

Complaint Exhibit 2



**BOARD OF ARCHITECTURE ▪ ENGINEERING
LAND SURVEYING ▪ LANDSCAPE ARCHITECTURE
GEOSCIENCE ▪ INTERIOR DESIGN**
85 East 7th Place, Suite 160, St. Paul, MN 55101-2113
Phone: 651-296-2388 • Fax: 651-297-5310 • mn.gov/aelslagid

**MINNESOTA**

# COMPLAINT PROCESS

## MISSION OF THE BOARD

The mission of the Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design (the "Board") is to regulate the professions and enforce the statutes and rules in order to protect the public.

We ensure that individuals meet the education, examination and experience standards for licensure or certification, and maintain their records in good standing.

We take disciplinary action against those who violate the statutes, rules and standards governing the practice of the professions.

Information regarding possible violations comes to the attention of the Board through written complaints. Complaints may be filed by anyone. Complaints are not public information and may not be discussed with anyone except the Respondent (subject of the investigation) and the Complainant. The Board is mandated to investigate all jurisdictional complaints against regulated individuals.

The principle laws that define and limit the Board's powers and responsibilities are:

- Minnesota Statutes Chapter 214
- Minnesota Statutes Section 326.02-326.15
- Minnesota Rules Chapter 1800 and Chapter 1805

## THE BOARD'S COMPLAINT COMMITTEE

The Complaint Committees consists of five members of the Board, with no more than one from each of the professions licensed or certified by the board, and no more than two public members. The Committee meets approximately ten times a year. The Complaint Committee is supported by:

1. The Investigator
2. The Board's Executive Director
3. The Minnesota Assistant Attorney General assigned to the Board

When a new Board Member(s) is assigned to the Complaint Committee, the staff investigator provides training on:

- The Complaint Registration Form.
- The complaint process.
- The Tennessen Warning.
- Explains the file may be closed with no disciplinary action taken or with a recommendation to take disciplinary action.
- Reviews Minnesota Statutes 14.045 (2018) for the limits on penalties and fines and the factors that go into account in determining the amount of the fine.

The Assistant Attorney General provides orientation as well. The training consists of (not all inclusive):

- The Board's jurisdiction
- Verified written complaint
- Investigations
- Conferences
- Committee action and remedies
- Settlement Agreement and Cease and Desist Order
- Stipulation and Consent Order
- Contested Case Hearing
- Unilateral Cease and Desist Order
- Minnesota Government Data Practices Act, Minnesota Chapter 13
- Open Meeting Law Chapter 13D
- Conflicts of interest

**Complaint Exhibit 2**   Rev 04/19

## 2. DISCIPLINARY ORDER.

Purpose: An order may be issued to a licensee or certificate holder or to an unlicensed person so as to protect the public. Any proposed order is drafted with the assistance of the Assistant Attorney General assigned to the Board.

## STIPULATION AND CONSENT ORDER:

1. When the Complaint Committee finds the licensee or certificate holder in violation of Minnesota Statutes 326.02-326.15 or Minnesota Rules 1800 or 1805, it will ask the Respondent (subject of the investigation) to voluntarily enter into a Stipulation and Order which includes the enforcement actions the Committee is proposing. The types of enforcement actions may include: reprimand, civil penalty, revocation, suspension, to place conditions and/or limitations on their license, ethics course, etc.
2. The Stipulation is an agreement between the Respondant and the Complaint Committee in which the Respondant agrees to the enforcement action as a result of the committee having identified the specific statutes and/or rules they violated.
3. Any Order is issued by the full board.
4. Should the Respondant refuse to agree to the Proposed Order itself and/or to the enforcement actions proposed by the Complaint Committee, or if the full Board rejects the proposed Stipulation and Order, the matter may proceed to a contested case hearing initiated under the Administrative Procedures Act. The hearing is held before an Administrative Law Judge (ALJ) and involves the presentation of testimony and submission of exhibits in a manner similar to a civil trial.
5. The ALJ makes a Findings of Fact and a recommendation which will be limited to discipline or no discipline. After reviewing the ALJ report, the Board may issue a Findings of Fact, Conclusion of Law and Order, which describes the disciplinary action taken against the licensee.

## SETTLEMENT AGREEMENT AND CEASE AND DESIST ORDER:

1. When the Complaint Committee finds an unlicensed or non-certificate holder in violation of Minnesota Statutes 326.02-326.15, it will ask the Respondent (subject of the investigation) to voluntarily enter into a Settlement Agreement and Cease and Desist Order including the enforcement actions the Committee is proposing. The types of enforcement actions may include: to cease and desist from holding themselves out as a licensee or certificate holder and/or from practicing as a professional governed by the Board and may include a civil penalty.
2. The Settlement Agreement and Cease and Desist Order is an agreement between the unlicensed person or non-certificate holder and the Complaint Committee in which they agree to the cease and desist and enforcement action as a result of the committee having identified the specific statute(s) they violated.
3. The Settlement Agreement and Cease and Desist Order is issued by the full board when it has reviewed and ratified the Settlement Agreement and Cease and Desist Order between the Complaint Committee and the unlicensed or non-certificate holder. The Settlement Agreement and Cease and Desist Order implements the terms of the agreement.
4. Should the unlicensed or non-certificate holder refuse to agree to the Settlement Agreement and Cease and Desist Order itself and/or to the enforcement actions proposed by the Complaint Committee, or if the full Board rejects the proposed Settlement Agreement and Cease and Desist Order, the matter may proceed to a contested case hearing initiated under the Administrative Procedures Act. The hearing is held before an Administrative Law Judge (ALJ) and involves the presentation of testimony and submission of exhibits in a manner similar to a civil trial.
5. If the Complaint Committee is successful at the contested case hearing, the ALJ will indicate that the Boards position is correct and make a recommendation which will be limited to discipline or no discipline. After reviewing the ALJ report, the Board may issue a Findings of Fact, Conclusion of Law and Order, which describes the disciplinary action taken against the unlicensed person or non-certificate holder.

## TYPES OF ENFORCEMENT ACTIONS THAT MAY BE PART OF A DISCIPLINARY ORDER:

- Refuse to renew.
- Suspension. This requires the individual to cease all practice until the suspension is lifted.
- Revocation. This action results in the individual's license or certificate being annulled altogether.
- Censure and reprimand.
- Condition or limit the person's license or certificate to practice. This permits the individual to continue to practice, but must meet certain conditions within a specified time period.
- Civil penalty.

July 28, 2020


Doreen Johnson
Executive Director, Board of AELSLAGID
85 East 7th Place, Suite 160
St. Paul, MN 55101-2113


Re:     Charles L Marohn, PE # 40142
        Board File # 2020-0043


Dear Ms. Johnson:

I received your letter dated July 24 detailing the complaint made against me. I respect the Board, the Complaint Committee, and this process. The following is my response.

I acknowledge that I failed to renew my license when it expired on June 30, 2018. My family and I moved in July of 2016 and I did not update the Board regarding my new address. I did not receive the reminder that is generally sent regarding expiration. That is no excuse as maintaining my license is my responsibility, but I want to make clear that it was never my intent to allow my license to expire.

I became aware on June 9 of this year that my license was expired when I was alerted by my colleague, Michelle Erfurt. I have included our message thread on Slack with the date stamp included.

On that date, I filled out a reinstatement form and mailed it to the Board. I included the late penalty in my payment. I also filled out a renewal through June of 2022. I have included a photo of those submissions.

My reinstatement check (#7903) cleared my bank account on June 19. My regular renewal check (#7902) cleared my bank account on June 29. I have not received any other written acknowledgement from the Board on my license, but the Board's website lists me as licensed through June 30, 2022.

In summary, I did not intend to let my professional license expire. When I discovered my error, I took immediate steps to address the situation, including paying a penalty. By all appearances, this has been acceptable to the Board as my license is now listed as current.

In response to your specific questions.

1. Copies of the position description(s) you held in Minnesota from July 1, 2018 to June 17, 2020.
2. A listing of all Minnesota projects and the number of hours spent on each project that you worked on from July 1, 2018 to June 17, 2020.
3. Copies of any and all plans, drawings, reports, etc. that you signed and/or certified as a Minnesota P.E. during the lapse between July 1, 2018 and June 17, 2020.
4. Please state the corrective steps you took to rectify the matter once you were aware that your Minnesota P.E. license was expired.

Complaint Exhibit 3

In my biography, I describe myself today, and during the period in question, as a "professional engineer licensed in the state of Minnesota." Being a licensed engineer is not a condition of my employment.

I do not have any projects, plans, documents, reports, or other such work to report. I did not perform any such work during the period in question. I did not sign any documents that required an engineering license.

I have listed, in the above, the steps I took to immediately rectify the matter once I became aware my license was expired. I will reiterate that it was not my intention to allow my license to expire. When I represented myself as being licensed in the state of Minnesota, I believed I was.

I apologize that the Board and the Complaint Committee has been burdened with this. I believe in the Board's mission and the vital role the Board serves in ensuring that our critical infrastructure is designed, built, and managed by qualified individuals. Even so, I have concerns over abuse of this process.

This is the second time my license has been under review by the Board. In both instances, the motivation was clearly not concern over any work I have performed (none is cited) but merely disagreement with the advocacy I do as part of the non-profit organization Strong Towns, which was cited extensively in both cases. This is unbecoming.

If a professional colleague were genuinely concerned that my license had lapsed, they could easily have contacted me and let me know. That would be a professional and respectful thing to do, but that was not how this was handled. As a result, we have all now been forced to spend time, and witness a process we mutually respect be denigrated, solely as a means to intimidate a colleague and silence critical opinions. This is not what professional licensing should ever be about.

I realize the Board is in a difficult position and must follow established protocols, but I urge you to give consideration to clarifying how you interpret Minnesota Rules 1805.0200, Subpart 1(A), which states:

> A licensee or certificate holder shall avoid any act that may diminish public confidence in the profession and shall, at all times, conduct himself or herself, in all relations with clients and the public, so as to maintain its reputation for professional integrity.

The case law nationwide where disputes over such rules have been litigated clearly favor 1st amendment protections for free speech and an open exchange of ideas. A licensed engineer must be able to speak openly regarding their professional opinion without fearing being discredited through the complaint process or even losing their professional license and ability to legally practice. We owe our colleagues, the profession, and the public at large a greater degree of clarity on this point.

I value my colleagues in the engineering profession and the work of the Board. Please let me know if there is any means I can be of service to you.

Thank you for your consideration.

Charles L. Marohn, Jr. PE
License # 40142

Yep, I should have mentioned that -- I got it

**Tuesday, June 9th** ⌄

**merfurt** 9:18 AM
It's outside of usual office hours (well, maybe not for you), didn't want you to forget

**merfurt** 10:42 AM
Did Hamilton ON send you a link for tonight's webinar? It might have come from Stephanie.Hilson@hamilton.ca

**merfurt** 2:13 PM
your links for tonight's webinar should have come from ward1@hamilton.ca

**chuck** 2:14 PM
Just got it

**merfurt** 2:25 PM
ok. thanks. you are all set for tonight, then!

**merfurt** 3:18 PM
Urban 3 is asking for your PE registration number for an application they're filling out (if they get it, you're going to be presenting in fate, Tx again). But when I look you up on the MN engineer website it says your license has expired.

https://mn.gov/aelslagid/roster.html

**chuck** 3:23 PM
No way, but I just looked and I don't have one beyond 2018. I swear I paid for it. 🤬

Tell them 40142 - I'm going to submit the renewal form now. I'm still eligible.

**merfurt** 3:28 PM
Got it.

That's your only professional designation, right? You're not w APA, correct?

**chuck** 3:29 PM
yep

**Wednesday, June 10th** ⌄

**merfurt** 9:16 AM
I need to have a check-in call with you today.

**chuck** 9:16 AM
How about right now?

**merfurt** 9:17 AM
ok

Complaint Exhibit 3



Complaint Exhibit 3



# MINNESOTA BOARD OF
ARCHITECTURE ▪ ENGINEERING ▪ LAND SURVEYING
LANDSCAPE ARCHITECTURE ▪ GEOSCIENCE ▪ INTERIOR DESIGN

Charles L. Marohn, Jr. PE
616 W 4th Street
Brainerd MN 56401

November 3, 2020
CONFIDENTIAL

RE:   **Charles L. Marohn, Professional Engineer No. 40142**
      **File No. 2020-0043**

Dear Mr. Marohn:

As you know, the Board's Complaint Committee (the "Committee") conducted an investigation of the above-referenced matter. The Committee determined that, under the facts and applicable law, this matter warrants disciplinary action by the Board.

As an alternative to contested-case proceedings, you may agree to disciplinary action by signing the enclosed proposed Stipulation and Order. Enclosed for your review, please find the Committee's proposed Stipulation and Order, which the Committee believes represents a reasonable resolution of this matter.

Please review the Stipulation and Order and this letter and contact me with your response to the proposed Stipulation and Order. If the proposed Stipulation and Order is acceptable, please return the entire original document bearing your signature, to the Board office on or before **November 18, 2020.**

The Committee will recommend that the Board accept and issue the Stipulation and Order at its first available Board meeting. When this matter comes before the Board, it does have the option of rejecting the Stipulation and Order; however, doing so would be rather unusual. If the Board accepts the Stipulation and Order, the Board Chair will sign the document and we will send you a copy of the fully executed document for your files.

Should you choose not to sign the enclosed proposed Stipulation and Order, please let me know on or before November 18, 2020.

If you wish to propose changes to the Stipulation and Order or have an alternative remedy to propose to resolve this matter, you should submit the same in writing to the Board office by the above-mentioned date.

Complaint Exhibit 4

Charles L. Marohn, Jr. PE
November 3, 2020
Page 2

If you have any questions, please contact me at (651) 757-1517.

Sincerely,

Doreen Johnson
Executive Director

Enclosures:     Tennessen Warning
                Proposed Stipulation and Order

Complaint Exhibit 4

**STATE OF MINNESOTA**
**BOARD OF ARCHITECTURE, ENGINEERING,**
**LAND SURVEYING, LANDSCAPE ARCHITECTURE, GEOSCIENCE**
**AND INTERIOR DESIGN**

In the matter of                                    **STIPULATION AND ORDER**
Charles L. Marohn, Jr.                              **Board File No. 2020-0043**
**Professional Engineer Number 40142**

TO:     Charles L. Marohn, Jr.
        616 W 4th Street
        Brainerd MN 56401

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design ("Board") is authorized pursuant to Minnesota Stat. §§ 214.10 and 326.111 (2018) to review complaints against architects, professional engineers, land surveyors, landscape architects, geoscientists, and certified interior designers, and to take disciplinary action whenever appropriate.

The Board received information concerning Charles L. Marohn, Jr. ("Respondent"). The Board's Complaint Committee ("Committee") reviewed the information. The parties have agreed that these matters may now be resolved by this Stipulation and Order.

**STIPULATION**

It is hereby stipulated and agreed by Respondent and the Committee that without trial or adjudication of any issue of fact or law and without any evidence or admission by any party with respect to any such issue:

1.      Jurisdiction. Respondent was first issued a Professional Engineer license by the Board on February 8, 2000. Respondent is subject to the jurisdiction of the Board with respect to the matters referred to in this Stipulation.

Complaint Exhibit 4

2.   Facts. This Stipulation is based upon the following facts:

   a.   On June 30, 2018, Respondent's Minnesota Professional Engineer license in the State of Minnesota expired.

   b.   On March 5, 2020, the Board received notice that the Respondent had been using the term Professional Engineer and the initials "P.E." or "PE" on his website, in publications, and in biographies for speaking engagements, during the June 30, 2018 to March 5, 2020 timeframe.

   c.   On June 17, 2020, Respondent renewed his license.

   d.   On his renewal forms, Respondent stated that he had not represented himself as a professional engineer without proper licensure, either verbally or on any printed matter in the State of Minnesota.

3.   Violations. Respondent admits that the facts specified above constitute violations of Minnesota Statutes section 326.02, subds. 1 and 3 (2018), and Minnesota Rules 1805.0200 subps. 1(B), 2, and subp. 4(C) (2019), and are sufficient grounds for the action specified below. Specifically, it is alleged that the Respondent held himself out as a Professional Engineer in Minnesota without a license and practiced as a Professional Engineer in Minnesota without a license within the meaning of Minnesota Statutes section 326.02, subds. 1 and 3 (2018), during the lapse of his Minnesota Professional Engineer license, between July 1, 2018 to June 17, 2020, by using the title Professional Engineer on his website, in publications, and in biographies for speaking engagements.  It is also alleged that the Respondent violated Minnesota Rule 1805.0200 subps. 1(B), 2, and 4(C), by making a false statement or failed to disclose a material fact on his renewal forms by answering that he had not represented himself as a professional engineer

2

Complaint Exhibit 4

without proper licensure, either verbally or on any printed matter in the State of Minnesota.

    4.    <u>Enforcement Action.</u> Respondent and the Committee agree that the Board should issue an Order in accordance with the following terms:

        a.    <u>Censure and Reprimand.</u> Respondent is censure and reprimanded.

        b.    <u>Civil Penalty.</u> Respondent shall pay to the Board a civil penalty of One Thousand Five Hundred Dollars ($1,500). Respondent shall submit a civil penalty of $1,500 by check to the Board within sixty (60) days of the Board's approval of this Stipulation and Order.

        c.    Respondent shall complete two (2) ethics hours in addition to the regularly required ethics requirement under Minn. Stat. § 326.107 subd. 1 (c). These hours shall not count towards the hours required for Respondent's license renewal.

    5.    <u>Waiver of Respondent's Rights.</u> For the purpose of this Stipulation, Respondent waives all procedures and proceedings before the Board to which Respondent may be entitled under the Minnesota and United States constitutions, statutes, or the rules of the Board, including the right to dispute the allegations against Respondent, to dispute the appropriateness of discipline in a contested-case proceeding pursuant to Minn. Stat. ch. 14 (2018), and to dispute the civil penalty imposed by this Agreement. Respondent agrees that upon the application of the Committee without notice to or an appearance by Respondent, the Board may issue an Order containing the enforcement action specified in paragraph 4 herein. Respondent waives the right to any judicial review of the Order by appeal, writ of certiorari, or otherwise.

    6.    <u>Collection.</u> Pursuant to Minn. Stat. § 16D.17 (2016), ninety days after the Board's

Complaint Exhibit 4

approval of this Stipulation and Order, the Board may file and enforce any unpaid portion of the civil penalty imposed by this Order as a judgment against the Respondent in district court without further notice or additional proceedings.  Pursuant to Minn. Stat. § 16D.13 (2018), ninety days after the Board's approval of this Stipulation and Order, interest will begin to accrue on the penalty in accordance with that section.

7.   Board Rejection of Stipulation and Order. In the event the Board in its discretion does not approve this Stipulation and Order or a lesser remedy than specified herein, this Stipulation and Order shall be null and void and shall not be used for any purpose by either party hereto. If this Stipulation is not approved and a contested-case proceeding is initiated pursuant to Minn. Stat. ch. 14 (2018), Respondent agrees not to object to the Board's initiation of the proceedings and hearing the case on the basis that the Board has become disqualified due to its review and consideration of this Stipulation and the record.

8.   Unrelated Violations. This settlement shall not in any way or manner limit or affect the authority of the Board to proceed against Respondent by initiating a contested-case hearing or by other appropriate means on the basis of any act, conduct, or admission of Respondent justifying disciplinary action which occurred before or after the date of this Stipulation and Order and which is not directly related to the specific facts and circumstances set forth herein.

9.   Record. The Stipulation, related investigative reports and other documents shall constitute the entire record of the proceedings herein upon which the Order is based. The investigative reports, other documents, or summaries thereof may be filed with the Board with this Stipulation.

10.   Data Classification. Under the Minnesota Government Data Practices Act, this

Complaint Exhibit 4

Stipulation and Order is classified as public data upon its issuance by the Board, Minn. Stat. §13.41, subd. 5 (2016). All documents in the record shall maintain the data classification to which they are entitled under the Minnesota Government Data Practices Act, Minn. Stat. ch. 13 (2018). They shall not, to the extent they are not already public documents, become public merely because they are referenced herein.  A summary of this Order will appear in the Board's newsletter.  A summary will also be sent to the national discipline data bank pertaining to the practice of professional engineering.

11.    Entire Agreement. Respondent has read, understood, and agreed to this Stipulation and is freely and voluntarily signing it. The Stipulation contains the entire agreement between the parties hereto relating to the allegations referenced herein. Respondent is not relying on any other agreement or representations of any kind, verbal or otherwise.

12.    Counsel. Respondent is aware that Respondent may choose to be represented by legal counsel in this matter. Respondent has either had the opportunity to consult with counsel or hereby knowingly waives legal representation.

13.    Service. If approved by the Board, a copy of this Stipulation and Order shall be served personally or by first class mail on Respondent. The Order shall be effective and deemed issued when it is signed by the Chair of the Board.

5

**Complaint Exhibit 4**

**RESPONDENT**

_____

Charles L. Marohn, Jr. PE

Dated: _____, 20_____

SUBSCRIBED and sworn to before me on
this the _____ day of _____, 20_____.

_____          My Commission Expires:
        (Notary Public)
                                          _____

**COMPLAINT COMMITTEE**

_____          Dated: _____, 20_____
Wayne Hilbert, AIA
Committee Chair

6

Complaint Exhibit 4

## ORDER

Upon consideration of the foregoing Stipulation and Order and based upon all the files, records, and proceedings herein, all terms of the Stipulation and Order are approved and adopted and the enforcement action therein is issued as an Order of this Board this the _____ day of _____, 20_____.

MINNESOTA BOARD OF
ARCHITECTURE, ENGINEERING,
LAND SURVEYING, LANDSCAPE ARCHITECTURE,
GEOSCIENCE AND INTERIOR DESIGN

By: _____
      Margaret S. Parsons, FAIA
      Board Chair

Complaint Exhibit 4

November 17, 2020


Minnesota Board of AELSLAGID
Doreen Johnson, Executive Director
85 East 7th Place, Suite 160
St. Paul, MN 55101-2113


Re:      File No. 2020-0043


Dear Ms. Johnson:

I received your letter dated November 3, 2020 along with the proposed *Stipulation and Order*. I am bewildered by the Committee's actions, specifically the serious allegations of fraud and dishonesty and the demand that I submit to a censure to avoid a contested case hearing. Let me be clear: I do not agree to the Committee's findings nor to the proposed course of action.

I am deeply offended by the suggestion that I violated Minnesota Rules 1805.0200. Specifically, subpart 4C, which suggests that I:

> "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;"

All these distasteful adjectives suggest a willful act on my part to deceive the Board and the public. It is not possible for you to make that conclusion, especially since I established a clear timeline indicating that, at the moment I became aware that my license had expired, I took immediate actions to rectify the situation. This was weeks before you sent the complaint to me. My actions have been the opposite of dishonesty, fraud, deceit, or misrepresentation. I have conducted myself with the type of forthright action that demonstrates a respect for the Board and the engineering profession.

Further, as I have indicated to you, I do not practice engineering. I do not work for an organization that conducts engineering. I do not have clients or projects. I do not sign plans or prepare specifications or oversee anyone who does. I am a writer, a commentator, and a public speaker. While I respect the Board's need to police the use of the term "professional engineer," it is clear from my reading of the statutes that the intent of these provisions is to protect the public from people who are misrepresenting themselves in the *practice* of engineering. My inadvertent oversight in allowing my license to temporarily expire seems to be a borderline case, one that a collegial board should find good reason to dismiss out of hand, especially since I took immediate action and the matter has now been rectified.

Complaint Exhibit 5

To the contrary, you have proposed censure, a formal expression of strong disapproval, along with a stiff $1,500 fine. If I had intentionally misled the Board, or intentionally misled the public, or taken some action that had resulted in the harm of others, this might make some sense. None of that is supported by any of the facts nor was it even alleged in the complaint.

I have reviewed many years of history of *Stipulations and Orders* available on your website and note that censure is reserved for the most egregious cases of non-response and lack of cooperation. Given that my behavior has been responsive and cooperative, I ask you to explain how my actions prompt you to seek to censure me. The punishment you are demanding I submit to is arbitrary and capricious.

Earlier this year, Judge Kimberly Middendorf ruled in the matter of Eirik Magnuson in a contested case hearing. The Board had found that Magnuson referred to himself as a "project architect" despite not having ever been licensed as an architect. Further, Magnuson was found to be actively working in an architecture-related position. This is a far more egregious case than a mere temporary lapse in licensure by someone not currently practicing.

Even so, Judge Middendorf ruled that:

> "….in arriving at a penalty amount, the Board must consider the factors listed in Minn. Stat. § 14.045, subd. 3. Consistent with those factors, the Board should consider Respondent's cooperation in the investigation, Respondent's lack of disciplinary history, the lack of evidence of harm to the public, and Respondent's prompt correction of the violation."

The referenced statute reads as follows:

> Subd. 3.Factors. (a) If a statute or rule gives an agency discretion over the amount of a fine, the agency must take the following factors into account in determining the amount of the fine:
>
> (1) the willfulness of the violation;
>
> (2) the gravity of the violation, including damage to humans, animals, and the natural resources of the state;
>
> (3) the history of past violations;
>
> (4) the number of violations;
>
> (5) the economic benefit gained by the person by allowing or committing the violation; and
>
> (6) other factors that justice may require.

I have demonstrated that there was no will on my behalf to commit any violation. My lapse in licensure was inadvertent and understandable and, when discovered, immediately corrected.

No damage resulted from my temporary lapse in licensure, nor could it have since I am not actively practicing engineering. I have no history of past violations. My current employer does not require me to hold a license nor compensate me for licensure, so I have experienced no economic benefit from representing myself as an engineer during the period in question.

Given these factors, justice requires that there be no censure, no fine, and no sanction of any type beyond the late fee I already paid.

Finally, I will also note that, in the absence of a complaint, one seemingly filed with prejudice over my personal views and opinions, we would not be having this interaction. The Board was satisfied to accept my renewal last June, along with the added late fee, and reissued my license, despite having already received the complaint against me (but not yet forwarded it to me). The complaint process is an inappropriate venue to litigate what is really a 1st amendment issue. I also believe it is a misuse of the Board's standing.

For the sake of my professional colleagues who may someday find themselves subject to such an inquiry merely for expressing their views and opinions, I cannot submit to the *Stipulation and Order* you have forwarded to me.

At the discretion of the Board, I ask that this complaint be resolved with a finding of no further action warranted. If not, I formally request a hearing with the Complaint Committee or the full Board to review the complaint against me.

I am prepared to work with the Board to resolve this matter in an amicable way. I look forward to your response.

Sincerely,

Charles L. Marohn, Jr. PE
License #40142

Complaint Exhibit 5

**Proposed Findings of Fact**

File No. 2020-0043

1. Respondent was first issued a license on February 8, 2000. Respondent has renewed this license and remained in good standing, through June 30, 2018.

2. Respondent's license expired on June 30, 2018. Respondent indicated that he believed he did renew his license, but there is no record of that having happened. Respondent indicated that he changed addresses and has not been receiving mail from the Board. There is no indication that there was a willful violation.

3. On June 9, 2020, Respondent was made aware that the Board's website indicated his license had expired. Respondent has provided documentation indicating that this was the first time he was aware that his license had expired. On that day, Respondent immediately submitted the proper paperwork to renew the license, including a late fee.

4. On June 17, 2020 the Board approved the renewal application, including payment of a late fee, from the Respondent and issued a license. Respondent is now licensed through June 30, 2022.

5. Between July 1, 2018 and June 17, 2020, Respondent did not work as a Professional Engineer, did not oversee anyone working as a Professional Engineer, did not sign any documents or have any involvement with any project requiring licensure, and did not solicit any work or represent himself as a Professional Engineer in order to gain employment or practice engineering.

6. On July 24, 2020, the Board notified Respondent of a complaint alleging that the Respondent misrepresented himself as a Professional Engineer. Respondent replied immediately and has subsequently remained responsive to the concerns of the Board.

7. There is no evidence, testimony, or allegation that the Respondent's gap in licensure resulted in any damage to humans, animals, or the natural resources of the state.

8. The Respondent has no history of past violations and has been responsive and cooperative in promptly resolving this matter.

9. The Respondent's current employment does not require licensure and the Respondent is not compensated for having licensure. Respondent did not accrue any economic benefit from licensure during the gap in licensing.

Given these facts, and in the interest of justice, the Board finds that this matter warrants no additional action.



# MINNESOTA BOARD OF

### ARCHITECTURE ▪ ENGINEERING ▪ LAND SURVEYING
### LANDSCAPE ARCHITECTURE ▪ GEOSCIENCE ▪ INTERIOR DESIGN

Charles Marohn, Jr., PE                                           December 17, 2020
616 N 4th Street                                                      CONFIDENTIAL
Brainerd, MN 56401


     RE:    **Charles L. Marohn Jr., Professional Engineer No. 40142**
             **File No. 2020-0043**

Dear Mr. Marohn:

The Committee has proposed a new Stipulation and Order, which the Committee believes represents a reasonable resolution of this matter. Enclosed for your review, please find the Committee's proposed Stipulation and Order.

Please review the Stipulation and Order and this letter and contact me with your response to the proposed Stipulation and Order. If the proposed Stipulation and Order is acceptable, please return the entire original document bearing your signature, to the Board office on or before **January 5, 2021**.

Should you choose not to sign the enclosed proposed Stipulation and Order, please let me know. If this is the case, you have requested a meeting with the Committee and the Committee is prepared to meet with you to further discuss this matter. This meeting will be held on Thursday, January 14, 2021 at 10:00 am, at 81 East 7th Street, Suite 100, Saint Paul, MN 55101. The Committee will also meet in February, on a date to be determined, if January 14, 2021, does not work for your schedule.

Please note, the Committee may make an electronic record of the meeting and anything you say may be used as evidence against you by the Committee should the matter proceed to a contested-case proceeding. The Committee's attorney may also be present at the meeting.

Please be reminded that under the Minnesota Government Data Practices Act, Minn. Stat. ch. 13 (2018), information given to the Committee as part of an active investigation is classified as confidential. This information will be used by the Committee in evaluating the allegations made against you.

In accordance with the statutes, rules, and professional standards governing legal actions, information received at the conference may, in some circumstances, be disclosed to other persons or entities, including Board members and staff, the staff of the Attorney General, and

Complaint Exhibit 6

Charles Marohn, Jr.
December 17, 2020
Page 2

persons whom they may contact. Should this matter proceed to a contested-case proceeding, information may be disclosed to the Office of Administrative Hearings, to any reviewing court, and could become public. Accordingly, please ensure you review the enclosed Tennessen Warning.

Due to COVID-19, protocol has changed for both employees and visitors to the Board. A copy of the health assessment and health assessment Tennessen notice has been enclosed.

You may send any documents that you believe will explain your position to Dillon Lang prior to the meeting. Please confirm your availability for the 14th of January.

If you have any questions you may contact Dillon Lang, Investigator, at 651-757-1510, or the undersigned at 651-757-1517.

Sincerely,

Doreen Johnson
Executive Director

Enclosures:    Proposed Stipulation and Order
               Tennessen Warning
               COVID-19 Tennessen Notice
               COVID-19 Health Assessment
               Directions to 81 East 7th Street, Suite 100

Complaint Exhibit 6

**STATE OF MINNESOTA**
**BOARD OF ARCHITECTURE, ENGINEERING,**
**LAND SURVEYING, LANDSCAPE ARCHITECTURE, GEOSCIENCE**
**AND INTERIOR DESIGN**

In the matter of                                                    **STIPULATION AND ORDER**
Charles L. Marohn, Jr.                                             **Board File No. 2020-0043**
Professional Engineer Number 40142

TO:     Charles L. Marohn, Jr.
        616 W 4th Street
        Brainerd, MN 56401

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design ("Board") is authorized pursuant to Minnesota Stat. §§ 214.10 and 326.111 (2018) to review complaints against architects, professional engineers, land surveyors, landscape architects, geoscientists, and certified interior designers, and to take disciplinary action whenever appropriate.

The Board received information concerning Charles L. Marohn ("Respondent"). The Board's Complaint Committee ("Committee") reviewed the information. The parties have agreed that these matters may now be resolved by this Stipulation and Order.

**STIPULATION**

It is hereby stipulated and agreed by Respondent and the Committee that without trial or adjudication of any issue of fact or law and without any evidence or admission by any party with respect to any such issue:

1.      Jurisdiction. Respondent was first issued a Professional Engineer license by the Board on February 8, 2000. Respondent is subject to the jurisdiction of the Board with respect to the matters referred to in this Stipulation.

Complaint Exhibit 6

2.     Facts. This Stipulation is based upon the following facts:

      a.     On June 30, 2018, Respondent's Minnesota Professional Engineer license in the State of Minnesota expired.

      b.     On March 5, 2020, the Board received notice that the Respondent had been using the term Professional Engineer and the initials "P.E." or "PE" on his website, in publications, and in biographies for speaking engagements, during the June 30, 2018 to March 5, 2020 timeframe.

      c.     On June 17, 2020, Respondent renewed his license.

      d.     On his renewal forms, Respondent stated that he had not represented himself as a professional engineer without proper licensure, either verbally or on any printed matter in the State of Minnesota.

3.     Violations. Respondent admits that the facts specified above constitutes practicing professional engineering by holding himself out as a professional engineer without a valid license in violation of Minn. Stat. § 326.02, subds. 1, 3 (2018), constitutes making an untruthful statement on his license-renewal application in violation of Minn. R. 1805.0200, subps. 1(B) and 2 (2019), and constitutes engaging in conduct involving dishonesty or misrepresentation by claiming to be a licensed professional engineer while his license was expired and making a false statement on his license-renewal application, in violation of Minn. R. 1805.0200, subp. 4 (2019). Respondent agrees these are sufficient grounds for the action specified below.

4.     Enforcement Action. Respondent and the Committee agree that the Board should issue an Order in accordance with the following terms:

      a.     Censure and Reprimand. Respondent is censured and reprimanded.

Complaint Exhibit 6

b.    Civil Penalty. Respondent shall pay to the Board a civil penalty of One Thousand Five Hundred Dollars ($1,500). Respondent shall submit a civil penalty of $1,500 by check to the Board within sixty (60) days of the Board's approval of this Stipulation and Order.

c.    Respondent shall complete two (2) ethics hours in addition to the regularly required ethics requirement under Minn. Stat. § 326.107 subd. 1 (c). These hours shall not count towards the hours required for Respondent's license renewal.

5.    Waiver of Respondent's Rights. For the purpose of this Stipulation, Respondent waives all procedures and proceedings before the Board to which Respondent may be entitled under the Minnesota and United States constitutions, statutes, or the rules of the Board, including the right to dispute the allegations against Respondent, to dispute the appropriateness of discipline in a contested-case proceeding pursuant to Minn. Stat. ch. 14 (2018), and to dispute the civil penalty imposed by this Agreement. Respondent agrees that upon the application of the Committee without notice to or an appearance by Respondent, the Board may issue an Order containing the enforcement action specified in paragraph 4 herein. Respondent waives the right to any judicial review of the Order by appeal, writ of certiorari, or otherwise.

6.    Collection. Pursuant to Minn. Stat. § 16D.17 (2016), ninety days after the Board's approval of this Stipulation and Order, the Board may file and enforce any unpaid portion of the civil penalty imposed by this Order as a judgment against the Respondent in district court without further notice or additional proceedings.  Pursuant to Minn. Stat. § 16D.13 (2018), ninety days after the Board's approval of this Stipulation and Order, interest will begin to accrue on the

Complaint Exhibit 6

penalty in accordance with that section.

7.     Board Rejection of Stipulation and Order. In the event the Board in its discretion does not approve this Stipulation and Order or a lesser remedy than specified herein, this Stipulation and Order shall be null and void and shall not be used for any purpose by either party hereto. If this Stipulation is not approved and a contested-case proceeding is initiated pursuant to Minn. Stat. ch. 14 (2018), Respondent agrees not to object to the Board's initiation of the proceedings and hearing the case on the basis that the Board has become disqualified due to its review and consideration of this Stipulation and the record.

8.     Unrelated Violations. This settlement shall not in any way or manner limit or affect the authority of the Board to proceed against Respondent by initiating a contested-case hearing or by other appropriate means on the basis of any act, conduct, or admission of Respondent justifying disciplinary action which occurred before or after the date of this Stipulation and Order and which is not directly related to the specific facts and circumstances set forth herein.

9.     Record. The Stipulation, related investigative reports and other documents shall constitute the entire record of the proceedings herein upon which the Order is based. The investigative reports, other documents, or summaries thereof may be filed with the Board with this Stipulation.

10.    Data Classification. Upon issuance by the Board, this Stipulation and Order is classified as public data. Minn. Stat. §13.41, subd. 5 (2016). All other documents in the record shall maintain the data classification to which they are entitled under Minn. Stat. ch. 13 (2018). Documents shall not, become public merely because they are referenced herein.  The Board will post a copy of this order on its website.  The Board will also send a summary to the national

4

Complaint Exhibit 6

discipline data bank pertaining to the practice of professional engineering.

11.     Entire Agreement. Respondent has read, understood, and agreed to this Stipulation and is freely and voluntarily signing it. The Stipulation contains the entire agreement between the parties hereto relating to the allegations referenced herein. Respondent is not relying on any other agreement or representations of any kind, verbal or otherwise.

12.     Counsel. Respondent is aware that Respondent may choose to be represented by legal counsel in this matter. Respondent has either had the opportunity to consult with counsel or hereby knowingly waives legal representation.

13.     Service. If approved by the Board, a copy of this Stipulation and Order shall be served personally or by first class mail on Respondent. The Order shall be effective and deemed issued when it is signed by the Chair of the Board.

**RESPONDENT**

_____
Charles L. Marohn, Jr., PE

Dated: _____, 20_____

SUBSCRIBED and sworn to before me on
this the _____ day of _____, 20_____.

_____          My Commission Expires:
    (Notary Public)
                                          _____

5

Complaint Exhibit 6

**COMPLAINT COMMITTEE**

_____          Dated: _____, 20_____
Wayne Hilbert, AIA
Committee Chair

**ORDER**

Upon consideration of the foregoing Stipulation and Order and based upon all the files,

records, and proceedings herein, all terms of the Stipulation and Order are approved and

adopted and the enforcement action therein is issued as an Order of this Board this the _____

day of _____, 20_____.

MINNESOTA BOARD OF
ARCHITECTURE, ENGINEERING,
LAND SURVEYING, LANDSCAPE ARCHITECTURE,
GEOSCIENCE AND INTERIOR DESIGN

By: _____
        Margaret S. Parsons, FAIA
        Board Chair

Complaint Exhibit 6



**SERVING DESIGN AND CONSTRUCTION PROFESSIONALS**

January 19, 2021

**VIA EMAIL: doreen.johnson@state.mn.us**
Doreen Johnson
MN Board of AELSLAGID
85 East 7th Place
Suite 160
St. Paul, Minnesota 55101

Re:     Charles Marohn; Board File No. 2020-0043

Dear Ms. Johnson:

This office represents Mr. Marohn on the above Board file. Mr. Marohn works in the realm of urban planning policy development and advocacy nationally. He has had a career beyond reproach and is a national leader in a dialogue on public policy about building strong communities. He has broad local and national support for his work. Importantly, although he holds a license, Mr. Marohn is not a practicing professional engineer. As such, his case is unique, and requires a fresh and unique analysis from the Board. I write to request, respectfully, that the Board re-think its position here.

As the Board is aware, it reinstated Mr. Marohn's license in June 2020 without objection. Only later did the Board commence this disciplinary action, based on a complaint it had received several months prior to issuing the reinstatement. That complaint was filed by someone who does not agree with Mr. Marohn's philosophies on urban planning. As the Board has heard directly from Mr. Marohn already, his lapsed license was not intentional; it was a mistake, an oversight. Significantly, since 2012 - so *before, during, and after the lapse and the reinstatement* - Mr. Marohn has not been practicing as a professional engineer. He does not use his credentials to practice engineering, gain employment as a practicing engineer, or hold himself out as a practicing engineer. He does not perform engineering work (calculations, plans, etc.) that would impact the health, safety, and welfare of the public. He included his P.E. credential on his website and biographical data as a matter of fact, not to pursue or practice engineering in any way.

275 MARKET STREET, SUITE 566, MINNEAPOLIS, MN 55405
P: 612.333.3262
F: 612.355.5255
WWW.KUBESLAW.COM

Complaint Exhibit 7

Letter to MN Board of AELSLAGID on behalf of Charles Marohn
January 19, 2021
Page 2

Therefore, from his perspective, when he completed the renewal form for reinstatement of his license, he was being 100% truthful when he said he had not held himself out or practiced as an engineer during the time his license had been expired. He was being 100% truthful. He did not appreciate that merely using the credentials would be a violation of the rules when he was not, himself, practicing engineering in any form. That was his mistake. My point here is just that: At worst, Mr. Marohn made an innocent mistake.

**ALLEGATIONS**

Based on these facts, the Board alleges Mr. Marohn may be in violation of Minn. Stat. §§ 326.02, subd. 1 and 3; 326.03, subd. 1; and 326.111, subd. 4(a)(1); Minn. R. 1805.0200, subpts. 1(B), 2, and 4. Those statutes and rules provide as follows:

§ 326.02 LICENSURE OR CERTIFICATION.
Subdivision 1. Licensure or certification mandatory.

In order to safeguard life, health, and property, and to promote the public welfare, any person in either public or private capacity practicing, or offering to practice, *** professional engineering, *** either as an individual, a copartner, or as agent of another, shall be licensed or certified as hereinafter provided. It shall be unlawful for any person to practice, or to offer to practice, in this state, *** professional engineering, *** or to solicit or to contract to furnish work within the terms of sections 326.02 to 326.15, or to use in connection with the person's name, or to otherwise assume, use or advertise any title or description tending to convey the impression that the person is a *** professional engineer (hereinafter called engineer), *** unless such person is qualified by licensure or certification under sections 326.02 to 326.15. This subdivision does not preclude an individual who retired from one of the professions listed in this subdivision from using the designation *** professional engineer *** as long as the designation is preceded by the word "retired" and the individual was licensed or certified in the designated profession in the state of Minnesota on the date the individual retired from the designated profession and the individual's license or certification was not subsequently revoked by the Board ***.

***
Subd. 3. Practice of professional engineering.

(a) Any person shall be deemed to be practicing professional engineering within the meaning of sections 326.02 to 326.15 who holds out as being able to perform or who does perform any technical professional service, such as planning, design or observation of construction for the purpose of assuring compliance with specifications and design, in connection with any public or private structures, buildings, utilities, machines, equipment, processes, works, or projects wherein the public welfare or the safeguarding of life, health, or property is concerned or involved, when such professional service requires the application of the principles of mathematics and the physical and applied engineering sciences, acquired by education or training, and by experience.

Complaint Exhibit 7

Letter to MN Board of AELSLAGID on behalf of Charles Marohn
January 19, 2021
Page 3

(b) No person other than one licensed under sections 326.02 to 326.15 as a professional engineer may:

(1) use the term "professional engineer";

(2) use any other abbreviation or term, including the initials "P.E." or "PE" by signature, verbal claim, sign, advertisement, letterhead, card, or similar means that would lead the public to believe that the person was a professional engineer; or

(3) use any means or in any other way make a representation that would lead the public to believe that the person was a professional engineer.

(c) A professional engineering license satisfies any requirements by the state or its political subdivisions to perform any actions authorized under the professional engineering license. A person licensed as a professional engineer under sections 326.02 to 326.15 shall only be required to obtain a license, certification, or other form of approval for a skill or service in addition to a professional engineering license if the state or political subdivision has made an affirmative written determination in statute, rule, or ordinance that such additional license or certification is necessary to safeguard life, health, or property, or promote the public welfare. This section does not preclude the state or a political subdivision from including additional requirements when soliciting public contracts for engineering services. This paragraph does not apply to practice areas where licenses or certifications are required prior to August 1, 2015.

§ 326.03 LICENSE OR CERTIFICATE REQUIRED.
Subdivision 1.Plans; documents.
No person, except an *** engineer *** licensed *** as provided for in sections 326.02 to 326.15 shall practice *** professional engineering *** in the preparation of plans, specifications, reports, plats or other *** engineering *** documents, or in the observation of *** engineering *** projects. In preparation of such documents, reasonable care shall be given to compliance with applicable laws, ordinances, and building codes relating to design.

§ 326.111 UNAUTHORIZED PRACTICE; DISCIPLINARY ACTION.
Subd. 4. Actions against applicants and licensees. (a) The board may, by order, deny, refuse to renew, suspend, temporarily suspend, or revoke the application, license, or certification of a person; censure or reprimand that person; condition or limit the person's practice; refuse to permit a person to sit for examination; or refuse to release the person's examination grades if the board finds that the order is in the public interest and the applicant, licensee, or certificate holder:

(1) has violated a statute, rule, or order that the board has issued or is empowered to enforce.

Minn. R. 1805.0200 OBLIGATION TO PROVIDE FULL DISCLOSURE.
Subpart 1. Public statements.
***

Complaint Exhibit 7

Letter to MN Board of AELSLAGID on behalf of Charles Marohn
January 19, 2021
Page 4

B. A licensee or certificate holder shall be objective and truthful in all professional documents, including but not limited to plans, reports, statements, or testimony. The licensee or certificate holder shall consider relevant and pertinent information in such documents or testimony and express professional opinions publicly only when they are founded upon an adequate knowledge of the facts and a competent evaluation of the subject matter.

\*\*\*

Subp. 2. False statements and nondisclosure. A licensee or certificate holder shall not make a false statement or fail to disclose a material fact requested in connection with an application for certification, licensure, or renewal in this state or any other state.

\*\*\*

Subp. 4. General prohibitions. A licensee or certificate holder shall not:

A. circumvent a rule of professional conduct through actions of another;

B. engage in illegal conduct involving moral turpitude;

C. engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

D. engage in conduct that adversely reflects on the licensee's fitness to practice the profession; or

E. permit the licensee's or certificate holder's name or seal to be affixed to plans, specifications, or other documents that were not prepared by or under the direct supervision of the licensee or certificate holder.

## ANALYSIS

This case presents a situation where a licensee who has not practiced engineering since 2012 inadvertently failed to renew in 2018. In June 2020, a colleague alerted him of his expired license. That same day, Mr. Marohn completed and submitted his paperwork to reinstate his license. He had already completed all the necessary CE courses and was ready to be reinstated.

In preparing his application, he did not consider the use of his credentials in his biographical materials related to his speaking engagements or written articles to be "holding out" as a licensee or practicing engineering – again because he associated that phrase with working as a professional engineer, which he has not done since 2012. That interpretation may have been a mistake on his part, given that licensees have imputed knowledge of the rules, but it was an innocent mistake.

The Board reinstated Mr. Marohn's license without objection.

And yet, in its December 17, 2020, proposed Order, the Board asks Mr. Marohn to admit that he made an "untruthful statement" on his license renewal because he stated that he had not held himself out as a professional engineer without proper licensure and that conduct constituted "engaging in conduct involving dishonesty and misrepresentation." Further, the Board seeks to censure and reprimand Mr. Marohn and impose a $1500 penalty upon him.

Complaint Exhibit 7

Under Minnesota law, any misrepresentation, whether negligent or fraudulent, constitutes fraud under Minnesota law. *Juster Steel v. Carlson Cos.*, 366 N.W.2d 616, 618 (Minn. Ct. App. 1985). Scienter (intent) is a required element of fraud. *Florenzano v. Olson*, 387 N.W.2d 168, 177 (Minn. 1986). The elements of common law fraud are: a false misrepresentation of a material fact; knowledge by the person making the misrepresentation of its falsity; an intention that another rely on the statement; reliance in fact; and damages. Negligent misrepresentation requires the same elements as fraudulent misrepresentation, minus the scienter element. *Florenzano*, 387 N.W.2d at 173.

The Board's use of the words "dishonesty" and "misrepresentation" implicate a scienter requirement here on Mr. Marohn's part. No such intention was present. Mr. Marohn mistakenly missed his renewal in 2018. He has not been a practicing engineer since 2012. He does not sign documents, practice engineering, oversee anyone who practices engineering, work on any engineering projects, apply for any work as an engineer, or represent himself as an engineer (except for the errant use of his PE in his bio while lapsed). He does not use his credentials to seek work as a professional engineer. Given that background, he honestly did not consider himself to be practicing engineering or in any way holding out as a licensee during his period of lapsed license.

In other cases, the Board has been able to appreciate a licensee's mistake and respond accordingly. In Kriens (2019-0104), a certified interior designer ("CID") came to realize that she had intentionally used the term CID after she passed her NCIDQ exam, but before she obtained her certificate from the MN State Board. In addition to improperly using the "CID" credentials, she had signed plans for three MN projects. Despite her intentional conduct, the Board understood that her conduct was based on a mistaken understanding of the rules, not on her bad or fraudulent intention. The Board's order makes no reference to Kriens' dishonesty, misrepresentation, fraud, or dishonorable conduct.

Even more impactful is the Board's order in Sveum (2020-0017). There, a PE inadvertently allowed his license to lapse, but admittedly continued working as an engineer and signed plans on 15 projects without a license. The Board was able to understand Sveum's mistake in failing to renew. The Board's order makes no reference to his dishonesty, misrepresentation, fraud, or dishonorable conduct.

Both cases involved critical mistakes by persons governed by the Board who were actively practicing in their particular areas, signing documents, and holding themselves out in their respective disciplines without appropriate credentials. Yet the Board made no mention of dishonesty, misrepresentation, fraud, or dishonorable conduct. Because it understood the conduct was based on an innocent and human mistake or misunderstanding.

By further way of contrast on the opposite end of intent, I call your attention to *In re Alvah Breitweiser*, OAH Dec. 2, 2007 (2007 WL 4522667). There, the Board found that a licensee had

Complaint Exhibit 7

engaged in acts that were fraudulent, deceptive or dishonest and that adversely affected his ability or fitness to engage in the practice of architecture. His actions included a conviction for bank fraud in Florida, a felony "an element of which is dishonesty or fraud." The Florida Board of Architecture then disciplined him. But when he applied for renewal of his MN license, he answered "no" to the question of whether there were any disciplinary actions taken against him in other jurisdictions (failing to disclose the Florida discipline). Thus, Breitweiser engaged in fraud or deception in the process of renewing his license. Breitweiser's conduct was radically worse and much different than the conduct of Mr. Marohn, and is indicative of what the legislature might have meant by "fraudulent, deceptive or dishonest acts." That conduct is not present here in the least.

These cases demonstrate the span of licensee conduct. These cases also demonstrate how the Board can treat a licensee who has made an innocent mistake. Mr. Marohn's inadvertent lapse of license and mistaken use of his credentials in the interim pale in comparison to the conduct of Kriens and Sveum, who were both active practitioners whose unlicensed conduct threatened the health, safety, and welfare of the public on the many projects they improperly signed. Yet, the Board did not require them to admit to fraud, misrepresentation or any other dishonorable terms as it seeks to impose on Mr. Marohn.

In addition, the Board's imposition of a penalty does not meet the requirements of Minn. Stat. §14.045. That statute requires the Board to consider these factors prior to imposing a penalty:

> (1) the willfulness of the violation;
> (2) the gravity of the violation, including damage to humans, animals, and the natural resources of the state;
> (3) the history of past violations;
> (4) the number of violations;
> (5) the economic benefit gained by the person by allowing or committing the violation; and
> (6) other factors that justice may require.

Minn. Stat. 14.045, subd. 3.

Here, there is no evidence of "willfulness" by Mr. Marohn, but rather an innocent mistake that any licensee could make under these unique circumstances where one is not practicing in his or her discipline. There is no gravity to this situation when viewed in context and reality, as it must be. This licensee is not a practicing engineer – and has not been since 2012. As such, he has not created any threat to the health, safety, and welfare of the public, nor was he seeking work as a professional engineer. He has no prior violations. He received no economic benefit from the alleged violation.

Complaint Exhibit 7

Letter to MN Board of AELSLAGID on behalf of Charles Marohn
January 19, 2021
Page 7

These cases and statute suggest that the Board's current handling of Mr. Marohn's case is arbitrary, capricious, and an abuse of process susceptible to legal challenge. Mr. Marohn will not accept or consent to an Order that accuses him of fraud, misrepresentation, and/or any form of dishonorable conduct, or imposes censures or sanctions upon him. He does not want to have to pursue further legal remedies, but he will if we are not able to resolve this matter amicably.

Ms. Johnson, you know from my many years of service on the Board that I respect the Board and its authority. I am also a strong believer in – and protector of – proper process. I again caution the Board not to allow its complaint process to be co-opted by complainants who have ulterior motives. Here, the complainant has made clear to Mr. Marohn personally that he does not agree with his philosophies about urban planning and is seeking to discredit him through this process. The Board's current position will assassinate Mr. Marohn's character for no reason and irreparably damage his reputation and career, essentially carrying out the work that the complainant could not do without facing personal liability for defamation and damages claims. Additionally, the Board's current position will chill other licensees' exercise of free speech in the public arena, where the unfettered and respectful exchange of ideas is crucial for problem-solving, which is what design professionals are so great at doing.

I plead with the Board to reconsider its evaluation and proposed order. In other cases involving honest mistakes, the Board has acknowledged that fact and reflected that in the outcome of the case. Mr. Marohn deserves at least that consideration here, if not more, given the fact that he is not a practicing engineer.

Mr. Marohn has certainly learned a lesson about tracking his renewal dates more closely. He has also learned a very hard lesson about the importance of the proper use of his credentials and the impact of the MN rules. Please allow those lessons to be sufficient and close this matter with no action taken.

I look forward to hearing from you to discuss this matter further. I thank you sincerely for your consideration.

Very truly yours,

Kristine A. Kubes

cc:  Charles Marohn (email only)

Complaint Exhibit 7



# MINNESOTA BOARD OF
### ARCHITECTURE ▪ ENGINEERING ▪ LAND SURVEYING
### LANDSCAPE ARCHITECTURE ▪ GEOSCIENCE ▪ INTERIOR DESIGN

Kristine A. Kubes                                    February 17, 2021
Kubes Law Office, PLLC                               **CONFIDENTIAL**
275 Market Street, Suite 566
Minneapolis, MN 55405

RECEIVED
FEB 2 2 2021
BY:_____

RE:    Charles Marohn, Jr., Professional Engineer No. 40142
       File No. 2020-0043

Dear Ms. Kubes:

This letter is to notify your client, Charles Marohn, Jr., that the Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience, and Interior Design's Complaint Committee will hold a conference to discuss the above entitled matter at 11:00 a.m. on March 10, 2021, conducted via Webex (with video). Enclosed please find a copy of a Notice of Conference, which will fully explain the information that will be discussed.

Mr. Marohn's appearance before the Committee is designed to provide him with an opportunity to clarify possible misunderstandings. The conference is also intended to allow Mr. Marohn and the Committee to seek resolution and remedy of the alleged problem without the necessity of instituting a contested-case proceeding. Please note, the Committee may make an electronic record of the conference and anything Mr. Marohn says at the conference may be used as evidence against him by the Committee should the matter proceed to a contested-case proceeding. The Committee's attorney may also be present at the conference.

Please be reminded that under the Minnesota Government Data Practices Act, Minn. Stat. ch. 13 (2020), information given to the Committee as part of an active investigation is classified as confidential. This information will be used by the Committee in evaluating the allegations made against Mr. Marohn. In accordance with the statutes, rules, and professional standards governing legal actions, information received at the conference may, in some circumstances, be disclosed to other persons or entities, including Board members and staff, the staff of the Attorney General, and persons whom they may contact. Should this matter proceed to a contested-case proceeding, information may be disclosed to the Office of Administrative Hearings, to any reviewing court, and could become public. **Accordingly, please ensure Mr. Marohn is advised of the enclosed Tennessen Warning.**

Complaint Exhibit 8

You may send any documents that you believe will explain your client's position to the investigator Dillon Lang prior to the conference. Should you or your client require additional time to prepare for the conference, or desire to meet in person, please advise me immediately. The Complaint Committee is scheduled to meet on April 15, 2021, tentatively scheduled to be in-person.  If Mr. Marohn chooses not to participate in the conference, and the parties are unable to resolve this matter, the Committee may initiate a contested-case hearing before an administrative law judge.

Please confirm your client's attendance at the conference scheduled for **March 10, 2021,** by calling Dillon Lang or myself at (651) 757-1517 no later than Wednesday, March 3, 2021.  Upon confirmation, Dillon Lang will email the Webex link.

We appreciate your cooperation in this matter. If you have any questions, you may contact Dillon Lang at 651-757-1510, or the undersigned.

Sincerely,

Doreen Johnson
Executive Director

Enclosures:    Tennessen Warning
               Notice of Conference

Complaint Exhibit 8

Minnesota Board of Architecture, Engineering, Land Surveying,
Landscape Architecture, Geoscience, and Interior Design

**TENNESSEN WARNING**

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience, and Interior Design (the "Board") is seeking information from you that may be considered private or confidential under the Minnesota Government Data Practices Act.  Minnesota Statutes section 13.04 (2) requires the Board to notify you of the following matters before you are asked to supply any private or confidential information about yourself.

1.      This information is being collected as part of an investigation into your conduct, and the information you supply to the Board may be used to determine whether you have violated any statutes or rules enforced or administered by the Board.

2.      If you hold a valid license or certificate issued by the Board, or are an applicant for a license or certificate, you are required to respond to Board communications, appear before the Board and to cooperate with the investigations of the Board according to Minnesota Rules 1800.0100 and 1800.0110.  However, if you choose to not voluntarily cooperate, the Board may subpoena you to obtain the information it is seeking.  You are advised that you are not required to incriminate yourself in any possible criminal investigation and you may exercise your constitutional right to refuse to supply any information on grounds that you might incriminate yourself.

3.      If you supply the information requested and it shows a violation of any of the statutes or rules enforced by the Board, then you may be subject to legal action by the Board.

4.      If you choose to not supply the Board with any requested information, whether or not that choice is based on your constitutional right to refuse to supply the Board with the requested information, then the Board has the right to base its decision whether to pursue action against you based on the other information which is available to the Board.

5.      You are advised that the information that you supply will be accessible to staff of the Board and the Office of the Attorney General.  It may be released to other persons and/or governmental entities who have statutory authority to review the information, investigate specific conduct and/or take appropriate legal action, including but not limited to law enforcement agencies, courts and other regulatory agencies.  If the Board institutes a formal disciplinary action against you, then your name and the information you supply could become public.

Complaint Exhibit 8

# STATE OF MINNESOTA

## BOARD OF ARCHITECTURE, ENGINEERING, LAND SURVEYING, LANDSCAPE ARCHITECTURE, GEOSCIENCE, AND INTERIOR DESIGN

In the Matter of Charles Marohn, Jr.,                    **NOTICE OF CONFERENCE**
Professional Engineer No. 40142                               Board File 2020-0043

Respondent Charles Marohn, Jr. is hereby notified that pursuant to Minn. Stat. §§ 214.10,

subd. 2, and 326.111 (2020), and Minn. R. 1800.0110 (2019), the Complaint Committee of the

Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture,

Geoscience, and Interior Design will hold a conference with him to discuss the above-entitled

matter at 11:00 a.m. on March 10, 2021, conducted via Webex.

### ALLEGATIONS

1.      On June 30, 2018, Respondent's Minnesota Professional Engineer license in the

State of Minnesota expired.

2.      On March 5, 2020, the Board received notice that the Respondent had been using

the term Professional Engineer and the initials "P.E." or "PE" on his website, in publications, and

in biographies for speaking engagements, during the June 30, 2018, to March 5, 2020, timeframe.

3.      On June 17, 2020, Respondent renewed his license.

4.      On his renewal forms, Respondent stated he had not represented himself as a

Professional Engineer without proper licensure, either verbally or on any printed matter in the

State of Minnesota.

### JURISDICTION

The Committee is authorized to review complaints against architects, professional

engineers, land surveyors, landscape architects, geoscientists, and certified interior designers, and

to take disciplinary action whenever appropriate. Minn. Stat. §§ 214.10 and 326.111 (2020).

Complaint Exhibit 8

Marohn holds Professional Engineer, license number 40142, and is therefore subject to the Committee's jurisdiction.

## ISSUES

I.      Whether Marohn violated Minn. Stat. § 326.02, subd. 1 and 3 (2020), by holding himself out as a Professional Engineer without a valid license.

II.      Whether Marohn violated Minn. R. 1805.0200, subp. 1, 2, and 4 (2019), by reporting that he had not represented himself as a Professional Engineer without proper licensure, either verbally or on any printed matter in the State of Minnesota, on his license renewal.

## DATA PRACTICES NOTICE

Under the Minnesota Government Data Practices Act, Minnesota Stat. ch. 13 (2020), information given to the Committee as part of an active investigation about an individual licensee is classified as confidential. This information will be used by the Committee in evaluating any complaints made against you. Information received at the conference covered by this notice and in your written response may, in some circumstances, be disclosed to other persons or entities, including Board members and staff, staff of the Attorney General's office, and persons whom they contact. Should this matter proceed to a contested-case hearing, information received at the conference may be introduced at the contested-case hearing, and the entire record concerning the disciplinary proceeding will become public data when there is a public hearing concerning the disciplinary action.

## RESULTS OF CONFERNCE

The Committee has made no decision regarding the truth of the allegations. Any one or a combination of the following actions could be taken as a result of the conference:

2

Complaint Exhibit 8

1.      The Committee could dismiss the matter if it determines that the allegations are not true or, if true, the allegations do not warrant or constitute grounds for discipline.

2.      You and the Committee could enter into a stipulation permitting the full Board to issue a mutually agreed-upon order or remedy.

3.      The Committee could determine that this matter will be satisfactorily resolved only by proceeding to a contested-case proceeding conducted pursuant to the Administrative Procedures Act, Minnesota Statutes Chapter 14 (2020), with the full Board issuing an order following the hearing.

## ADDITIONAL NOTICE

You are further notified that you may choose to be, though need not be, represented by an attorney at this conference; that the Committee may record the conference; and that anything you say at the conference may be used by the Committee as evidence against you should the matter proceed to a contested-case proceeding. The Committee's counsel may be present at the conference. The conference is designed to permit the Committee to seek and clarify information, to provide you an opportunity to clarify possible misunderstandings, and to allow you and the Committee to resolve the matter without a contested-case proceeding.

## RESPONSE REQUIRED

Please confirm your attendance at the conference by contacting Dillon Lang at 651-757-1510 or dillon.lang@state.mn.us within ten days after the day the Committee mailed this notice to you.

You must submit any request for rescheduling the conference to the Board office within ten days of the day the Committee mailed this notice. You must state the specific reason why

Complaint Exhibit 8

Respondent will be unable to attend the conference. The Committee will determine whether a request for rescheduling shall be granted or denied.

If you do not appear at the conference the Committee may initiate a contested-case hearing before an administrative law judge for purposes of taking disciplinary action against you. Disciplinary action may include, but is not limited to, revocation of your license.

If a reasonable accommodation for a disability is needed in order to participate in the conference, such an accommodation can be made available upon request. Examples of reasonable accommodations include wheelchair accessibility, an interpreter, or Braille or large-print materials. To arrange an accommodation, contact the Board at, 85 East Seventh Place, Suite 160, Saint Paul, Minnesota 55101, Voice at 651-296-2388 or TDD at 651-297-5353.

Dated: 2-17-21

MINNESOTA BOARD OF ARCHITECTURE,
ENGINEERING, LAND SURVEYING,
LANDSCAPE ARCHITECTURE,
GEOSCIENCE, AND INTERIOR DESIGN
COMPLAINT COMMITTEE

Doreen Johnson
Executive Director

85 East Seventh Place, Suite 160
St. Paul, Minnesota 55101
651- 757-1517

4

Complaint Exhibit 8



# MINNESOTA BOARD OF
### ARCHITECTURE ▪ ENGINEERING ▪ LAND SURVEYING
### LANDSCAPE ARCHITECTURE ▪ GEOSCIENCE ▪ INTERIOR DESIGN

Kristine A. Kubes
Kubes Law Office, PLLC
275 Market Street, Suite 566
Minneapolis, MN 55405

March 17, 2021
CONFIDENTIAL

RE:   **Charles L. Marohn Jr., Professional Engineer No. 40142**
      **File No. 2020-0043**

Dear Ms. Kubes:

Thank you and Mr. Marohn for meeting with the Complaint Committee. The Committee carefully reviewed the comments made by you and your client. The Committee has agreed to remove any reference to the term "dishonesty" and use a more specific citation to 1805.0200, subp. 4(C) (misrepresentation) in paragraph 3, remove any reference to censure in paragraph 4(a), and a reduction in the civil penalty from $1,500 to $500.

Enclosed you will find the proposed Stipulation and Order in this matter. Please advise your client that his enclosure is the final settlement offer of the Complaint Committee.

If the proposed Stipulation and Order is acceptable to your client, please return the entire original document bearing his signature, to the Board on or before **April 7, 2021**. The Committee will recommend that the Board accept and issue the Stipulation and Order at its first available Board meeting. When this matter comes before the Board, it does have the option of rejecting the Stipulation and Order; however, doing so would be rather unusual. If the Board accepts the Stipulation and Order, the Board Chair will sign the document and we will send you a copy of the fully executed Stipulation and Order for your client's files.

Thank you for your client's anticipated cooperation in this matter. If you have any questions, please contact me at 651-757-1517.

Sincerely,

Doreen Johnson
Executive Director

Enclosures:   Tennessen Warning
              Proposed Stipulation and Order

RECEIVED
MAR 1 9 2021
BY:_____

85 East 7th Place, Suite 160, St. Paul, MN 55101-2113
PH 651-296-2388 ▪ FAX 651-297-5310 ▪ TTY 800-627-3529 ▪ mn.gov/aelslagid
AN EQUAL OPPORTUNITY EMPLOYER

Complaint Exhibit 9

Minnesota Board of Architecture, Engineering, Land Surveying,
Landscape Architecture, Geoscience, and Interior Design

## TENNESSEN WARNING

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape
Architecture, Geoscience, and Interior Design (the "Board") is seeking information from
you that may be considered private or confidential under the Minnesota Government
Data Practices Act. Minnesota Statutes section 13.04 (2) requires the Board to notify
you of the following matters before you are asked to supply any private or confidential
information about yourself.

1.    This information is being collected as part of an investigation into your conduct,
      and the information you supply to the Board may be used to determine whether
      you have violated any statutes or rules enforced or administered by the Board.

2.    If you hold a valid license or certificate issued by the Board, or are an applicant
      for a license or certificate, you are required to respond to Board
      communications, appear before the Board and to cooperate with the
      investigations of the Board according to Minnesota Rules 1800.0100 and
      1800.0110. However, if you choose to not voluntarily cooperate, the Board may
      subpoena you to obtain the information it is seeking. You are advised that you
      are not required to incriminate yourself in any possible criminal investigation
      and you may exercise your constitutional right to refuse to supply any
      information on grounds that you might incriminate yourself.

3.    If you supply the information requested and it shows a violation of any of the
      statutes or rules enforced by the Board, then you may be subject to legal action
      by the Board.

4.    If you choose to not supply the Board with any requested information, whether
      or not that choice is based on your constitutional right to refuse to supply the
      Board with the requested information, then the Board has the right to base its
      decision whether to pursue action against you based on the other information
      which is available to the Board.

5.    You are advised that the information that you supply will be accessible to staff of
      the Board and the Office of the Attorney General. It may be released to other
      persons and/or governmental entities who have statutory authority to review
      the information, investigate specific conduct and/or take appropriate legal
      action, including but not limited to law enforcement agencies, courts and other
      regulatory agencies. If the Board institutes a formal disciplinary action against
      you, then your name and the information you supply could become public.

Complaint Exhibit 9

**STATE OF MINNESOTA**
**BOARD OF ARCHITECTURE, ENGINEERING,**
**LAND SURVEYING, LANDSCAPE ARCHITECTURE, GEOSCIENCE**
**AND INTERIOR DESIGN**

In the matter of
Charles L. Marohn, Jr.
Professional Engineer Number 40142

**STIPULATION AND ORDER**
**Board File No. 2020-0043**

TO:     Charles L. Marohn, Jr.
        616 W 4th Street
        Brainerd, MN 56401

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design ("Board") is authorized pursuant to Minnesota Stat. §§ 214.10 and 326.111 (2020) to review complaints against architects, professional engineers, land surveyors, landscape architects, geoscientists, and certified interior designers, and to take disciplinary action whenever appropriate.

The Board received information concerning Charles L. Marohn ("Respondent"). The Board's Complaint Committee ("Committee") reviewed the information. The parties have agreed that these matters may now be resolved by this Stipulation and Order.

**STIPULATION**

It is hereby stipulated and agreed by Respondent and the Committee that without trial or adjudication of any issue of fact or law and without any evidence or admission by any party with respect to any such issue:

1.     Jurisdiction. Respondent was first issued a Professional Engineer license by the Board on February 8, 2000. Respondent is subject to the jurisdiction of the Board with respect to the matters referred to in this Stipulation.

Complaint Exhibit 9

2.    Facts. This Stipulation is based upon the following facts:

    a.    On June 30, 2018, Respondent's Minnesota Professional Engineer license in the State of Minnesota expired.

    b.    On March 5, 2020, the Board received notice that the Respondent had been using the term Professional Engineer and the initials "P.E." or "PE" on his website, in publications, and in biographies for speaking engagements, during the June 30, 2018 to March 5, 2020 timeframe.

    c.    On June 17, 2020, Respondent renewed his license.

    d.    On his renewal forms, Respondent stated that he had not represented himself as a professional engineer without proper licensure, either verbally or on any printed matter in the State of Minnesota.

3.    Violations. Respondent admits that the facts specified above constitute practicing professional engineering by holding himself out as a professional engineer without a valid license in violation of Minn. Stat. § 326.02, subds. 1, 3 (2020), constitutes making an untruthful statement on his license-renewal application in violation of Minn. R. 1805.0200, subps. 1(B) and 2 (2019), and constitutes engaging in conduct involving misrepresentation by claiming to be a licensed professional engineer while his license was expired and making a false statement on his license-renewal application, in violation of Minn. R. 1805.0200, subp. 4(C) (misrepresentation) (2019). Respondent agrees these violations are sufficient grounds for the action specified below.

4.    Enforcement Action. Respondent and the Committee agree that the Board should issue an Order in accordance with the following terms:

    a.    Reprimand. Respondent is reprimanded.

Complaint Exhibit 9

b.   Civil Penalty. Respondent shall pay to the Board a civil penalty of Five Hundred Dollars ($500). Respondent shall submit a civil penalty of $500 by check to the Board within sixty (60) days of the Board's approval of this Stipulation and Order.

c.   Respondent shall complete two (2) ethics hours in addition to the regularly required ethics requirement under Minn. Stat. § 326.107 subd. 1 (c). These hours shall not count towards the hours required for Respondent's license renewal.

5.   Waiver of Respondent's Rights. For the purpose of this Stipulation, Respondent waives all procedures and proceedings before the Board to which Respondent may be entitled under the Minnesota and United States constitutions, statutes, or the rules of the Board, including the right to dispute the allegations against Respondent, to dispute the appropriateness of discipline in a contested-case proceeding pursuant to Minn. Stat. ch. 14 (2020), and to dispute the civil penalty imposed by this Agreement. Respondent agrees that upon the application of the Committee without notice to or an appearance by Respondent, the Board may issue an Order containing the enforcement action specified in paragraph 4 herein. Respondent waives the right to any judicial review of the Order by appeal, writ of certiorari, or otherwise.

6.   Collection. Pursuant to Minn. Stat. § 16D.17 (2020), ninety days after the Board's approval of this Stipulation and Order, the Board may file and enforce any unpaid portion of the civil penalty imposed by this Order as a judgment against the Respondent in district court without further notice or additional proceedings.  Pursuant to Minn. Stat. § 16D.13 (2020), ninety days after the Board's approval of this Stipulation and Order, interest will begin to accrue on the

3

Complaint Exhibit 9

penalty in accordance with that section.

7.    <u>Board Rejection of Stipulation and Order.</u> In the event the Board in its discretion does not approve this Stipulation and Order or a lesser remedy than specified herein, this Stipulation and Order shall be null and void and shall not be used for any purpose by either party hereto. If this Stipulation is not approved and a contested-case proceeding is initiated pursuant to Minn. Stat. ch. 14 (2020), Respondent agrees not to object to the Board's initiation of the proceedings and hearing the case on the basis that the Board has become disqualified due to its review and consideration of this Stipulation and the record.

8.    <u>Unrelated Violations.</u> This settlement shall not in any way or manner limit or affect the authority of the Board to proceed against Respondent by initiating a contested-case hearing or by other appropriate means on the basis of any act, conduct, or admission of Respondent justifying disciplinary action which occurred before or after the date of this Stipulation and Order and which is not directly related to the specific facts and circumstances set forth herein.

9.    <u>Record.</u> The Stipulation, related investigative reports and other documents shall constitute the entire record of the proceedings herein upon which the Order is based. The investigative reports, other documents, or summaries thereof may be filed with the Board with this Stipulation.

10.    <u>Data Classification.</u> Upon issuance by the Board, this Stipulation and Order is classified as public data. Minn. Stat. §13.41, subd. 5 (2016). All other documents in the record shall maintain the data classification to which they are entitled under Minn. Stat. ch. 13 (2018). Documents shall not, become public merely because they are referenced herein. The Board will post a copy of this order on its website. The Board will also send a summary to the national

4

<span style="color:red">Complaint Exhibit 9</span>

discipline data bank pertaining to the practice of professional engineering.

11.     Entire Agreement. Respondent has read, understood, and agreed to this Stipulation and is freely and voluntarily signing it. The Stipulation contains the entire agreement between the parties hereto relating to the allegations referenced herein. Respondent is not relying on any other agreement or representations of any kind, verbal or otherwise.

12.     Counsel. Respondent is aware that Respondent may choose to be represented by legal counsel in this matter. Respondent has either had the opportunity to consult with counsel or hereby knowingly waives legal representation.

13.     Service. If approved by the Board, a copy of this Stipulation and Order shall be served personally or by first class mail on Respondent. The Order shall be effective and deemed issued when it is signed by the Chair of the Board.

**RESPONDENT**

_____
Charles L. Marohn, Jr., PE

Dated: _____, 2021

SUBSCRIBED and sworn to before me on
this the _____ day of _____, 2021.

_____          My Commission Expires:
(Notary Public)
                                          _____

5

Complaint Exhibit 9

## COMPLAINT COMMITTEE

_____          Dated: _____, 2021

Keith Rapp, PG
Committee Chair

### ORDER

Upon consideration of the foregoing Stipulation and Order and based upon all the files,

records, and proceedings herein, all terms of the Stipulation and Order are approved and

adopted and the enforcement action therein is issued as an Order of this Board this the _____

day of _____, 2021.

MINNESOTA BOARD OF
ARCHITECTURE, ENGINEERING,
LAND SURVEYING, LANDSCAPE ARCHITECTURE,
GEOSCIENCE AND INTERIOR DESIGN

By: _____

Margaret S. Parsons, FAIA
Board Chair

6

Complaint Exhibit 9



**SERVING DESIGN AND CONSTRUCTION PROFESSIONALS**

March 23, 2021

**VIA EMAIL:** doreen.johnson@state.mn.us
Doreen Johnson
MN Board of AELSLAGID
85 East 7th Place
Suite 160
St. Paul, Minnesota 55101

Re:     Charles Marohn; Board File No. 2020-0043

Dear Ms. Johnson:

This office represents Mr. Marohn on the above Board file. Thank you for inviting our participation in the Complaint Committee Conference on March 10, 2021. Please send us a link to the recording of that conference about this matter. Thank you.

We have reviewed the revised stipulation and order that the Complaint Committee issued after that conference.  We are disappointed to see the Board pursuing this matter in light of the unique facts here. This matter could be closed with no action taken and the matter would not be part of the public record and have no precedential value.

If the matter must proceed to stipulation and order, then we find that the stipulation in its current form does not tell the whole story, and therefore is inaccurate and unduly harmful to Mr. Marohn. We appreciate the changes the Board has made to date, but the Board continues to find that Mr. Marohn engaged in misrepresentation and made false and untruthful statements, all of which required his *intent to deceive,* which is completely missing here.

Mr. Marohn has not been a practicing engineer since 2012. He does not sign documents, practice engineering, oversee anyone who practices engineering, work on any engineering projects, or create any threat to the health, safety, and welfare of the public. He does not apply for any work as an engineer, use his credentials to seek work as a professional engineer, or represent himself as an engineer (except for the errant use of his PE in his bio while lapsed).

275 MARKET STREET, SUITE 566, MINNEAPOLIS, MN 55405

P: 612.333.3262
F: 612.355.5255

WWW.KUBESLAW.COM

Complaint Exhibit 10

Letter to MN Board of AELSLAGID on behalf of Charles Marohn
March 23, 2021
Page 2

Given that background, he honestly did not consider himself to be "practicing engineering" or in any way "holding out" as a licensee during his period of lapsed license. Mr. Marohn's mindset is critical to the Board's analysis, as he would have had to have known he was telling a lie when he completed his renewal application in order to have made the knowingly false statements that the Board is accusing him of committing. That did not happen here. For the same reasons, his conduct lacks the willfulness required for the Board to have the authority to issue discipline under Minn. Stat. 14.045, subd. 3.

Without factual or legal authority, the Board is at risk of acting in an arbitrary and capricious manner by enforcing the rules against Mr. Marohn here. As we have argued in our earlier submissions, the Board has demonstrated its ability in other cases to recognize conduct that was based on an innocent and human mistake, and not impose findings and sanctions based on misrepresentation. We ask no less here.

Again, if the Board is willing to reconsider and close the matter with no action taken, that would be our sincere request. If that is not possible, then in the spirit of trying to resolve the matter now, Mr. Marohn would be willing to consent to a stipulation and order that was modified as follows:

- Under Part 2. Facts:
  - Add the following text to the end of the current sentence at subpart c:
    "without objection from the Board."

  - Delete current subpart d and replace with the following text:
    "On July 24, 2020, the Board sent notification of the complaint to the Respondent."

  - Add the following text as subpart e:
    "On July 28, 2020, the Respondent responded to the Board, acknowledging an inadvertent lapse in licensing, providing evidence that the lapse was addressed and corrected the same day when discovered, and testifying that, beyond referencing licensure in his biography, Respondent has not engaged in the practice of engineering during the lapsed period."

- Part 3. Violations: Delete current paragraph and replace with the following text:
  "Respondent admits that the facts specified above demonstrate that he used the terms "professional engineer" and "PE" without a current license, in violation of Minn. Stat. 326.02, subds. 1 and 3 (2020)."

- Part 4: Delete subpart c (requiring two ethics hours)

If the Board will make these changes, Mr. Marohn will sign the stipulation.

Complaint Exhibit 10

Letter to MN Board of AELSLAGID on behalf of Charles Marohn
March 23, 2021
Page 3

If the Board will not agree to these terms, then we request your direction for next steps. We are not clear from the Board's materials whether we would first need to appear before a closed session of the full Board to request relief, or proceed directly to a contested case hearing before the ALJ as outlined in the Board's overview of the complaint process. "Should the Respondent refuse to agree to the Proposed Order itself and/or to the enforcement actions proposed by the Complaint Committee, * * * the matter may proceed to a contested case hearing initiated under the Administrative Procedures Act. The hearing is held before an Administrative Law Judge (ALJ) and involves the presentation of testimony and submission of exhibits in a manner similar to a civil trial."

As we have noted earlier, we would prefer not to have to challenge the Board's authority and its handling of this matter, but we are prepared to do so if necessary. Mr. Marohn will not consent to any document that says he was untruthful, misrepresented himself or the facts, made false statements, or is in need of ethics training.

I make this one last plea for the Board to reconsider its response to this case so that we can put this matter to rest without a contested case hearing. Thank you for your consideration.

Very truly yours,

Kristine A. Kubes

cc:   Charles Marohn (email only)



# MINNESOTA BOARD OF
## ARCHITECTURE ▪ ENGINEERING ▪ LAND SURVEYING
## LANDSCAPE ARCHITECTURE ▪ GEOSCIENCE ▪ INTERIOR DESIGN

Kristine A. Kubes
Kubes Law Office, PLLC
275 Market Street, Suite 566
Minneapolis, MN 55405



April 20, 2021
CONFIDENTIAL

RE:    **Charles L. Marohn Jr., Professional Engineer No. 40142**
       **File No. 2020-0043**

Dear Ms. Kubes:

Thank you and Mr. Marohn for the counteroffer received by the Board on March 23, 2021. The Complaint Committee carefully reviewed your correspondence and proposed revisions to the proposed Stipulation and Order.

The Committee believes the previously revised proposed Stipulation and Order, sent to you after the conference, represents a fair and reasonable resolution of this matter. Accordingly, the Committee has declined to close the file or incorporate your requested changes into the proposed Stipulation and Order.

Enclosed you will find a copy of the previously proposed Stipulation and Order. Please advise your client that this enclosure is the final settlement offer of the Complaint Committee.

If the proposed Stipulation and Order is acceptable to your client, please return the entire original document bearing his signature, to the Board on or before **May 11, 2021**. The Committee will recommend that the Board accept and issue the Stipulation and Order at its first available Board meeting. When this matter comes before the Board, it does have the option of rejecting the Stipulation and Order; however, doing so would be rather unusual. If the Board accepts the Stipulation and Order, the Board Chair will sign the document and we will send you a copy of the fully executed Stipulation and Order for your client's files.

Should your client choose that the proposed Stipulation and Order is still not agreeable, please let me know as soon as possible, and no later than May 11, 2021. The Committee has authorized this matter to proceed to a contested case proceeding with the Office of Administrative Hearings, should a resolution not be reached.

Complaint Exhibit 11

Charles Marohn, Jr.
April 20, 2021
Page 2

Thank you for your client's attention in this matter.  If you have any questions, please contact me at 651-757-1517.

Sincerely,

Doreen Johnson
Executive Director

Enclosures:     Tennessen Warning
                Proposed Stipulation and Order

Complaint Exhibit 11

Minnesota Board of Architecture, Engineering, Land Surveying,
Landscape Architecture, Geoscience, and Interior Design

## TENNESSEN WARNING

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape
Architecture, Geoscience, and Interior Design (the "Board") is seeking information from
you that may be considered private or confidential under the Minnesota Government
Data Practices Act. Minnesota Statutes section 13.04 (2) requires the Board to notify
you of the following matters before you are asked to supply any private or confidential
information about yourself.

1.      This information is being collected as part of an investigation into your conduct,
        and the information you supply to the Board may be used to determine whether
        you have violated any statutes or rules enforced or administered by the Board.

2.      If you hold a valid license or certificate issued by the Board, or are an applicant
        for a license or certificate, you are required to respond to Board
        communications, appear before the Board and to cooperate with the
        investigations of the Board according to Minnesota Rules 1800.0100 and
        1800.0110. However, if you choose to not voluntarily cooperate, the Board may
        subpoena you to obtain the information it is seeking. You are advised that you
        are not required to incriminate yourself in any possible criminal investigation
        and you may exercise your constitutional right to refuse to supply any
        information on grounds that you might incriminate yourself.

3.      If you supply the information requested and it shows a violation of any of the
        statutes or rules enforced by the Board, then you may be subject to legal action
        by the Board.

4.      If you choose to not supply the Board with any requested information, whether
        or not that choice is based on your constitutional right to refuse to supply the
        Board with the requested information, then the Board has the right to base its
        decision whether to pursue action against you based on the other information
        which is available to the Board.

5.      You are advised that the information that you supply will be accessible to staff of
        the Board and the Office of the Attorney General. It may be released to other
        persons and/or governmental entities who have statutory authority to review
        the information, investigate specific conduct and/or take appropriate legal
        action, including but not limited to law enforcement agencies, courts and other
        regulatory agencies. If the Board institutes a formal disciplinary action against
        you, then your name and the information you supply could become public.

**STATE OF MINNESOTA**
**BOARD OF ARCHITECTURE, ENGINEERING,**
**LAND SURVEYING, LANDSCAPE ARCHITECTURE, GEOSCIENCE**
**AND INTERIOR DESIGN**

In the matter of                                          **STIPULATION AND ORDER**
Charles L. Marohn, Jr.                                    **Board File No. 2020-0043**
Professional Engineer Number 40142

TO:     Charles L. Marohn, Jr.
        616 W 4th Street
        Brainerd, MN 56401

The Minnesota Board of Architecture, Engineering, Land Surveying, Landscape Architecture, Geoscience and Interior Design ("Board") is authorized pursuant to Minnesota Stat. §§ 214.10 and 326.111 (2020) to review complaints against architects, professional engineers, land surveyors, landscape architects, geoscientists, and certified interior designers, and to take disciplinary action whenever appropriate.

The Board received information concerning Charles L. Marohn ("Respondent"). The Board's Complaint Committee ("Committee") reviewed the information. The parties have agreed that these matters may now be resolved by this Stipulation and Order.

**STIPULATION**

It is hereby stipulated and agreed by Respondent and the Committee that without trial or adjudication of any issue of fact or law and without any evidence or admission by any party with respect to any such issue:

1.      Jurisdiction. Respondent was first issued a Professional Engineer license by the Board on February 8, 2000. Respondent is subject to the jurisdiction of the Board with respect to the matters referred to in this Stipulation.

Complaint Exhibit 11

2.   Facts. This Stipulation is based upon the following facts:

   a.   On June 30, 2018, Respondent's Minnesota Professional Engineer license in the State of Minnesota expired.

   b.   On March 5, 2020, the Board received notice that the Respondent had been using the term Professional Engineer and the initials "P.E." or "PE" on his website, in publications, and in biographies for speaking engagements, during the June 30, 2018 to March 5, 2020 timeframe.

   c.   On June 17, 2020, Respondent renewed his license.

   d.   On his renewal forms, Respondent stated that he had not represented himself as a professional engineer without proper licensure, either verbally or on any printed matter in the State of Minnesota.

3.   Violations. Respondent admits that the facts specified above constitute practicing professional engineering by holding himself out as a professional engineer without a valid license in violation of Minn. Stat. § 326.02, subds. 1, 3 (2020), constitutes making an untruthful statement on his license-renewal application in violation of Minn. R. 1805.0200, subps. 1(B) and 2 (2019), and constitutes engaging in conduct involving misrepresentation by claiming to be a licensed professional engineer while his license was expired and making a false statement on his license-renewal application, in violation of Minn. R. 1805.0200, subp. 4(C) (misrepresentation) (2019). Respondent agrees these violations are sufficient grounds for the action specified below.

4.   Enforcement Action. Respondent and the Committee agree that the Board should issue an Order in accordance with the following terms:

   a.   Reprimand. Respondent is reprimanded.

2

Complaint Exhibit 11

       b.      <u>Civil Penalty.</u> Respondent shall pay to the Board a civil penalty of Five Hundred Dollars ($500). Respondent shall submit a civil penalty of $500 by check to the Board within sixty (60) days of the Board's approval of this Stipulation and Order.

       c.      Respondent shall complete two (2) ethics hours in addition to the regularly required ethics requirement under Minn. Stat. § 326.107 subd. 1 (c). These hours shall not count towards the hours required for Respondent's license renewal.

5.     <u>Waiver of Respondent's Rights.</u> For the purpose of this Stipulation, Respondent waives all procedures and proceedings before the Board to which Respondent may be entitled under the Minnesota and United States constitutions, statutes, or the rules of the Board, including the right to dispute the allegations against Respondent, to dispute the appropriateness of discipline in a contested-case proceeding pursuant to Minn. Stat. ch. 14 (2020), and to dispute the civil penalty imposed by this Agreement. Respondent agrees that upon the application of the Committee without notice to or an appearance by Respondent, the Board may issue an Order containing the enforcement action specified in paragraph 4 herein. Respondent waives the right to any judicial review of the Order by appeal, writ of certiorari, or otherwise.

6.     <u>Collection.</u> Pursuant to Minn. Stat. § 16D.17 (2020), ninety days after the Board's approval of this Stipulation and Order, the Board may file and enforce any unpaid portion of the civil penalty imposed by this Order as a judgment against the Respondent in district court without further notice or additional proceedings.  Pursuant to Minn. Stat. § 16D.13 (2020), ninety days after the Board's approval of this Stipulation and Order, interest will begin to accrue on the

Complaint Exhibit 11

penalty in accordance with that section.

7.     Board Rejection of Stipulation and Order. In the event the Board in its discretion does not approve this Stipulation and Order or a lesser remedy than specified herein, this Stipulation and Order shall be null and void and shall not be used for any purpose by either party hereto. If this Stipulation is not approved and a contested-case proceeding is initiated pursuant to Minn. Stat. ch. 14 (2020), Respondent agrees not to object to the Board's initiation of the proceedings and hearing the case on the basis that the Board has become disqualified due to its review and consideration of this Stipulation and the record.

8.     Unrelated Violations. This settlement shall not in any way or manner limit or affect the authority of the Board to proceed against Respondent by initiating a contested-case hearing or by other appropriate means on the basis of any act, conduct, or admission of Respondent justifying disciplinary action which occurred before or after the date of this Stipulation and Order and which is not directly related to the specific facts and circumstances set forth herein.

9.     Record. The Stipulation, related investigative reports and other documents shall constitute the entire record of the proceedings herein upon which the Order is based. The investigative reports, other documents, or summaries thereof may be filed with the Board with this Stipulation.

10.    Data Classification. Upon issuance by the Board, this Stipulation and Order is classified as public data. Minn. Stat. §13.41, subd. 5 (2020). All other documents in the record shall maintain the data classification to which they are entitled under Minn. Stat. ch. 13 (2020). Documents shall not, become public merely because they are referenced herein.  The Board will post a copy of this order on its website.  The Board will also send a summary to the national

4

Complaint Exhibit 11

discipline data bank pertaining to the practice of professional engineering.

11. _Entire Agreement._ Respondent has read, understood, and agreed to this Stipulation and is freely and voluntarily signing it. The Stipulation contains the entire agreement between the parties hereto relating to the allegations referenced herein. Respondent is not relying on any other agreement or representations of any kind, verbal or otherwise.

12. _Counsel._ Respondent is aware that Respondent may choose to be represented by legal counsel in this matter. Respondent has either had the opportunity to consult with counsel or hereby knowingly waives legal representation.

13. _Service._ If approved by the Board, a copy of this Stipulation and Order shall be served personally or by first class mail on Respondent. The Order shall be effective and deemed issued when it is signed by the Chair of the Board.

**RESPONDENT**

_____

Charles L. Marohn, Jr., PE

Dated: _____, 2021

SUBSCRIBED and sworn to before me on
this the _____ day of _____, 2021.

_____          My Commission Expires:
(Notary Public)
                                          _____

5

Complaint Exhibit 11

## COMPLAINT COMMITTEE

_____          Dated: _____, 2021

Keith Rapp, PG
Committee Chair

## ORDER

Upon consideration of the foregoing Stipulation and Order and based upon all the files,

records, and proceedings herein, all terms of the Stipulation and Order are approved and

adopted and the enforcement action therein is issued as an Order of this Board this the _____

day of _____, 2021.

MINNESOTA BOARD OF
ARCHITECTURE, ENGINEERING,
LAND SURVEYING, LANDSCAPE ARCHITECTURE,
GEOSCIENCE AND INTERIOR DESIGN

By: _____

Board Chair

Complaint Exhibit 11